**Labaton Sucharow**

Gregory S. Asciolla
Partner
212 907 0827 direct
212 883 7527 fax
gasciolla@labaton.com

March 2, 2015

***VIA ECF***

Honorable Gregory H. Woods
United States District Court
   for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

Re:   *Modern Settings, LLC, et al. v. BASF Metals Limited, et al.,* No. 1:14-cv-09391-GHW (S.D.N.Y.)

Dear Judge Woods:

Pursuant to the Court's December 24, 2014 Scheduling Order, the parties file this joint letter to advise the Court of the status of the above-captioned case.

**(1)   Nature of the Case**

***Plaintiffs' Statement:***  Plaintiffs have brought this action on behalf of themselves and as representatives of a proposed class, alleging claims arising under the Sherman Act, Clayton Act, and Commodity Exchange Act. Plaintiffs seek to recover damages and obtain injunctive and other equitable relief.

By way of summary, Plaintiffs allege that since at least as early as January 1, 2007 and continuing through at least November 2014, Defendants—four dealers of platinum and palladium—conspired to manipulate and rig the global benchmarks for physical platinum and palladium prices, known as the London Platinum and Palladium Fixing. Each London business day at 9:45 a.m. and 2:00 p.m. London time, Defendants participated in teleconferences through which they fixed the global prices for physical platinum and palladium.[1]

Plaintiffs further allege that:  (a) Defendants and their co-conspirators were privy to and shared nonpublic information about client purchase and sale orders during these regularly-scheduled, twice-daily, teleconferences; (b) during these teleconferences Defendants set physical prices for the global platinum and palladium market; and (c) the teleconferences allowed Defendants to gather non-public platinum and palladium price information ahead of the fixings' publication. Plaintiffs allege

---

[1] According to publicly available information, this procedure for determining platinum and palladium prices globally may have changed in December 2014, with the London Metal Exchange's launch of an electronic system called LMBEbullion

**Labaton Sucharow**

Honorable Gregory H. Woods
March 2, 2015
Page 2

that Defendants used nonpublic information obtained during the fixing calls to manipulate and distort the prices for physical platinum and palladium and their respective derivative products (including NYMEX platinum and palladium futures and options).

Plaintiffs have retained experts, who have conducted various analyses of the platinum and palladium markets based on publicly available information.  Plaintiffs allege that their experts' analyses support Plaintiffs' allegations that Defendants conspired to manipulate the markets for physical platinum and palladium, as well as for their respective derivative products.

Plaintiffs seek to represent a proposed class of individuals and entities who traded or held in the United States physical platinum or palladium; platinum or palladium derivative products that settled or were marked-to-market at the London Platinum and Palladium Fixing; or NYMEX platinum or palladium futures and options contracts. The class period alleged begins at least as early as January 1, 2007 and continues to the present.[2]

**Defendants' Statement:**  As discussed more fully below in Sections 2 and 7, two related actions have been filed in this District which Defendants anticipate will be consolidated with this action, and a consolidated amended complaint ("CAC") will be filed superseding the current operative complaints in all three actions. The allegations in the CAC may differ from the operative complaint. As to the operative complaint or a substantially similar CAC, Defendants anticipate that they may move to dismiss the Sherman Act claim on numerous grounds, including:  (i)the Sherman Act claim has failed to allege facts sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007), including the failure to adequately allege that Defendants entered into an agreement and/or there was any agreement in restraint of trade; (ii) Plaintiffs lack standing to pursue their antitrust claims, *Associated General Contractors of Cal.* v. *California State Council of Carpenters*, 459 U.S. 519 (1983); (iii) Plaintiffs have failed to allege facts sufficient to support a claim that they suffered antitrust injury as a result of the alleged conspiracy, *Brunswick Corp.* v. *Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977); (iv) Plaintiffs have failed to allege any injury to competition, *E & L Consulting, Ltd.* v. *Doman Indus. Ltd.*, 472 F.3d 23, 28 (2d Cir. 2006); (v) the Sherman Act claim is barred under Foreign Trade Antitrust Improvements Act of 1982; and (vi) certain of the alleged conduct falls outside the Clayton Act's four-year statute of limitations.

With respect to the Commodity Exchange Act ("CEA") claims, Defendants anticipate that they may move to dismiss on the following grounds: (i) Plaintiffs have failed to plead the essential elements of fraud-based manipulation under the CEA, in particular those elements subject to the heightened pleading standard of Fed. R. Civ. P. 9(b); (ii) Plaintiffs have failed to plead the essential elements of

---

[2] Plaintiffs' complaint was filed before the launch of LMEBullion (*see* n.1 above) and alleges that the class period continues "to the present."  Plaintiffs do not concede that Defendants' alleged manipulation or its effects ceased immediately upon the launch of LMEBullion.

**Labaton Sucharow**

Honorable Gregory H. Woods
March 2, 2015
Page 3

artificial price manipulation under the CEA, 7 U.S.C. §§ 9, 25, *In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 173 (2d Cir. 2013); (iii) Plaintiffs have failed to plead the essential elements of principal-agent liability under the CEA, 7 U.S.C. § 2(a)(1)(B), *Guttman v. Commodity Futures Trading Comm'n*, 197 F.3d 33, 39 (2d Cir. 1999); (iv) Plaintiffs have failed to plead the essential elements of aiding and abetting under the CEA, 7 U.S.C. § 25, *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498, 511 (S.D.N.Y. 2004); (v) the CEA does not apply to extraterritorial transactions under *Morrison* v. *National Australia Bank Ltd.*, 561 U.S. 247 (2010), and *Loginovskaya* v. *Batratchenko*, No. 13-1624-cv, 2014 WL 4358439 (2d Cir. Sept. 4, 2014); and (vi) the alleged conduct falls outside the CEA's two-year statute of limitations.

With respect to the common law unjust enrichment claims, Defendants anticipate that they may move to dismiss on, among other grounds, the grounds that Plaintiffs have failed to plead facts showing how each Defendant has been enriched at the Plaintiffs' expense and whether Plaintiffs and Defendants had the relationship required to give rise to a claim for unjust enrichment. *Laydon* v. *Mizuho Bank, Ltd.*, No. 12-cv-3419, 2014 WL 1280464, at *13 (S.D.N.Y. Mar. 28, 2014).

**(2)      Statements Concerning Subject Matter Jurisdiction and Venue.**

***Plaintiffs' Statement***:  Plaintiffs assert subject matter jurisdiction pursuant to Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15(a) and (26)), Section 22 of the Commodity Exchange Act (7 U.S.C. § 25), and 28 U.S.C. §§ 1331 and 1337(a).

Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a) and 22 and 28 U.S.C. § 1391(b), (c) and (d). All Defendants transacted business or had agents in this District; a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District; and a substantial portion of the affected interstate trade and commerce has been carried out in this District.

Venue is also proper in this District pursuant to Section 22 of the Commodity Exchange Act, 7 U.S.C. § 25. Defendants' unlawfully manipulated the prices of platinum and palladium futures and options contracts traded on NYMEX, a designated contract market located in New York, New York.

***Defendants' Statement***:  As noted in Section 1, two related actions have been filed in this District: *White Oak Fund LP* v. *BASF Metals Limited et al.*, 1:15-cv-00436-GHW and *Hollin* v. *BASF Metals Limited et al.*, 1:15-cv-01036-GHW. As stated, Defendants believe these actions will eventually be consolidated and result in the filing of a CAC. Defendants may choose to challenge personal jurisdiction and/or venue in any consolidated action, but reserve all rights until they have an opportunity to review the forthcoming CAC.

**Labaton Sucharow**

Honorable Gregory H. Woods
March 2, 2015
Page 4

**(3)    Relevant Motions**

  (i)  ***Anticipated Motions***:

**Plaintiffs' Statement:**  Plaintiffs intend to oppose Defendants' anticipated motion to dismiss. Defendants' effort to "pre-argue" their anticipated motion here presents the same shop-worn arguments routinely made in similar cases.

Plaintiffs intend to file a motion for class certification pursuant to Fed. R. Civ. 23(a), (b)(2) and (b)(3) after sufficient discovery in support of the motion is completed.

**Defendants' Statement**:  Defendants intend to move to dismiss the CAC as described above. Defendants also intend to oppose class certification.

  (ii)  ***Pending Motions***:  None.

  (iii)  ***Other anticipated applications***:  None at this time.

**(4) Discovery**

  (i)  ***Discovery Taken To Date***:  None.

**Plaintiffs' Statement on Expected Discovery**:  Plaintiffs will primarily seek, in summary, hard-copy, electronic and audio records of: (a) Defendants' twice-daily teleconferences; (b) communications between Defendants regarding the prices and trading of the products at issue; (c) communications between individual Defendants and those with which Defendants traded the products at issue; (d) transaction data for Defendants' trading of the products at issue, both for their own accounts and as brokers or agents for others; (e) internal reports or other analyses of Defendants' twice-daily teleconferences; (f) analyst reports prepared by Defendants regarding the products at issue; (g) individual Defendant compliance manuals, rules and procedures; and (h) materials provided by Defendants to government and self-regulatory bodies investigating Defendants' activities.[3]

---

[3] On February 23, 2015, *The Wall Street Journal* and other media outlets reported that the U.S. Department of Justice ("DOJ"), Antitrust Division and the Commodity Futures Trading Commission have subpoenaed records from Defendant HSBC and others in connection with their precious metals trading and their participation in the London fixings. *See* Jean Eaglesham & Christopher, *Big Banks Face Scrutiny Over Pricing of Metals*, Wall St. J. (Feb. 23, 2015), *available at* http://www.wsj.com/articles/bigbanksfacescrutinyoverpricingofmetals1424744801. Government officials outside the United States may also be investigating the matters underlying this action.

**Labaton Sucharow**

Honorable Gregory H. Woods
March 2, 2015
Page 5

Plaintiffs also will seek to conduct depositions of Defendants' present and former employees, and may serve interrogatories and requests to admit. Non-party document and deposition discovery on matters relating to those briefly summarized here may also be taken.

Plaintiffs reserve their position on Defendants' intended motion to stay discovery pending resolution of their anticipated motions to dismiss, and await service of both motions. Plaintiffs' position on any such stay motion may be informed by DOJ intervention in this case, an application that the DOJ has made in various similar cases Defendants cite.[4]

**Defendants' Statement on Expected Discovery**: Defendants request that discovery be stayed pending the filing of the CAC and disposition of the anticipated motion to dismiss the CAC in its entirety. The deficiencies in the current complaint referred to above, as well as Defendants' belief that those deficiencies cannot be cured by the CAC, strongly support the exercise of this Court's discretion to stay discovery. Courts in this District have ordered such stays pending resolution of motions to dismiss in the majority of cases alleging manipulation and anticompetitive conduct in complex financial markets. This includes Judge Buchwald in the U.S. Dollar Libor multidistrict litigation, Judge Gardephe in a U.S. Dollar Libor case filed by an individual plaintiff, Judge Daniels in a separate case relating to Yen Libor and Euroyen Tibor, Judge Schofield in the foreign exchange benchmark rates multidistrict litigation, Judge Cote in the credit default swap antitrust multidistrict litigation, and Judge Carter in the North Sea Brent crude oil futures multidistrict litigation.[5] Most recently, Judge Caproni *sua sponte* stayed all discovery in two cases nearly identical to this matter involving alleged manipulation of the gold and silver fixes, and reconfirmed that stay after letter briefing by the parties.[6]

Entering a stay of discovery until the motions to dismiss are decided will maximize the efficiency of these proceedings. As the Supreme Court recognized, the "basic deficiency [of a complaint] should be exposed at the point of minimum expenditure of time and money by the parties and the court."

---

[4] *See, e.g.*, *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB) (S.D.N.Y.) March 1, 2012 Hr'g Tr. at 4 (ECF No. 282); *Laydon v. Mizuho Bank, Ltd.*, No. 12-cv-3419 (GBD) (S.D.N.Y.) (ECF No. 380); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (LGS) (S.D.N.Y.) (ECF No. 139).

[5] *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MD 2262 (NRB) (S.D.N.Y.), March 1, 2012 Hr'g Tr. at 4-5, ECF No. 282; Oct. 18, 2013 Order at 2, ECF No. 489; *7 West 57th Street Realty Co. v. Citigroup, Inc.*, No. 13 Civ. 0981 (PGG) (S.D.N.Y.), July 8, 2013 Order at 1, ECF No. 107; *Laydon v. Mizuho Bank, Ltd.*, No. 12 Civ. 3419 (GBD) (S.D.N.Y.), Aug. 18, 2014 Order, ECF No. 362; *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13 Civ. 7789 (LGS) (S.D.N.Y.), March 3, 2014 Hr'g Tr. at 23, ECF No. 152; *In re Credit Default Swaps Antitrust Litig.*, No. 13 MD 2476 (DLC) (S.D.N.Y.), Dec. 5, 2014 Hr'g Tr. at 52-53, ECF No. 244; March 26, 2014 Order at 2, ECF No. 284; *In re North Sea Brent Crude Oil Futures Litig.*, No. 13 MD 2475 (ALC) (S.D.N.Y.), April 22, 2014 Order at 4, ECF No. 123.

[6] *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation* No. 14 MD 2548 (VEC) (S.D.N.Y.) Oct. 2, 2014 Order, ECF No. 12; Oct. 20, 2014 Order, ECF No. 22; *In re London Silver Fixing, Ltd., Antitrust Litigation*, No. 14 MD 2573 (VEC) (S.D.N.Y.) Oct. 14, 2014 Order, ECF No. 4; Dec. 3, 2014 Order, ECF No. 24.

# Labaton Sucharow

Honorable Gregory H. Woods
March 2, 2015
Page 6


*Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 558 (2007). Here, a clear and irreconcilable tension exists between Plaintiffs' theory of antitrust conspiracy among the Platinum and Palladium fixing members and Plaintiffs' allegations of unilateral instances of purported manipulation by traders within each member. Requiring Defendants to produce documents before even a ruling on the legal sufficiency of the operative pleading would result in substantial prejudice to Defendants. Respectfully, the parties and the Court first should address motions that may end the litigation or narrow the case.

**(5)** **Damages**

***Plaintiffs' Statement***: To date, Plaintiffs have not yet analyzed the amount of their damages or of class members. Discovery and expert analyses will be needed to determine the damages sustained.

**(6)** **Settlement Discussions**. The parties have not discussed settlement at this early juncture.

**(7)** **Other relevant information**.

As mentioned above, the following two cases have filed Statements of Relatedness to the *Modern Settings* action and have been assigned to Your Honor:

- *White Oak Fund LP v. BASF Metals Limited, et al.*, No. 15-cv-00436 (filed January 21, 2015); and
- *Hollin v. BASF Metals Limited, et al.*, No. 15-cv-01036 (filed February 13, 2015).

The parties agree that these two additional cases assert the same legal claims under the Sherman Act, Clayton Act, and Commodity Exchange Act as the *Modern Settings* action; name the same Defendants; arise out of the same transactions or events; seek to recover damages, injunctive relief, and other equitable relief as a result of the same alleged conspiracy; and are brought on behalf of the same proposed class.

Given the overlap between the factual allegations and legal issues in all three actions, these cases are strong candidates for consolidation pursuant to Fed. R. Civ. P. 42(a)(2). In addition, the interests of efficiency and economy would be promoted by the appointment of interim lead counsel and the filing of a CAC, *see* Fed. R. Civ. P. 23(g)(3).

To assist in orderly case management, the parties in *Modern Settings* have entered into a Stipulation, which the Court "So Ordered" on February 25, 2015, that calls for a CAC to be filed by April 6, 2015. The schedule also sets out a schedule for Defendants' response to the CAC.

Plaintiffs' counsel in the *White Oak* and *Hollin* actions have reviewed this joint letter and concur in its contents.

**Labaton Sucharow**

Honorable Gregory H. Woods
March 2, 2015
Page 7

Respectfully submitted,

By: 

/s/   Gregory S. Asciolla
Gregory S. Asciolla
Jay L. Himes
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax:(212)818-0477
gasciolla@labaton.com
jhimes@labaton.com
mperez@labaton.com

*Attorneys for Modern Settings LLC [a N.Y. LLC]
and Modern Settings LLC [a Fl. LLC]*

By: _____

Michael Lacovara
Matthew J. Galvin
Leah Friedman
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
matthew.galvin@freshfields.com
leah.friedman@freshfields.com

*Attorneys for HSBC Bank USA, N.A.*

_____
Stephen Ehrenberg
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10005
Tel: (212) 558-4000
Fax: (212) 558-3588
ehrenbergs@sullcrom.com

*Attorneys for Goldman Sachs International*

_____
Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022

# Labaton Sucharow

Honorable Gregory H. Woods
March 2, 2015
Page 7

Respectfully submitted,

By:

   /s/   Gregory S. Asciolla
Gregory S. Asciolla
Jay L. Himes
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax:(212)818-0477
gasciolla@labaton.com
jhimes@labaton.com
mperez@labaton.com

*Attorneys for Modern Settings LLC [a N.Y. LLC]
and Modern Settings LLC [a Fl. LLC]*

By:

/s/ Michael Lacovara / MJG

Michael Lacovara
Matthew J. Galvin
Leah Friedman
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
matthew.galvin@freshfields.com
leah.friedman@freshfields.com

*Attorneys for HSBC Bank USA, N.A.*

_____
Stephen Ehrenberg
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10005
Tel: (212) 558-4000
Fax: (212) 558-3588
ehrenbergs@sullcrom.com

*Attorneys for Goldman Sachs International*

_____
Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4913

# Labaton Sucharow

Honorable Gregory H. Woods
March 2, 2015
Page 7

Respectfully submitted,

By:

    /s/   Gregory S. Asciolla
Gregory S. Asciolla
Jay L. Himes
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
mperez@labaton.com

*Attorneys for Modern Settings LLC [a N.Y. LLC]
and Modern Settings LLC [a Fl. LLC]*

By:

Michael Lacovara
Matthew J. Galvin
Leah Friedman
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
matthew.galvin@freshfields.com
leah.friedman@freshfields.com

*Attorneys for HSBC Bank USA, N.A.*

Stephen Ehrenberg /AJH/
Stephen Ehrenberg
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10005
Tel: (212) 558-4000
Fax: (212) 558-3588
ehrenbergs@sullcrom.com

*Attorneys for Goldman Sachs International*

Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4913

# Labaton Sucharow

Honorable Gregory H. Woods
March 2, 2015
Page 7

Respectfully submitted,

By:

   /s/   Gregory S. Asciolla
Gregory S. Asciolla
Jay L. Himes
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
gasciolla@labaton.com
jhimes@labaton.com
mperez@labaton.com

*Attorneys for Modern Settings LLC* [a N.Y. LLC]
*and Modern Settings LLC* [a Fl. LLC]

By:

_____
Michael Lacovara
Matthew J. Galvin
Leah Friedman
FRESHFIELDS BRUCKHAUS DERINGER
US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001
michael.lacovara@freshfields.com
matthew.galvin@freshfields.com
leah.friedman@freshfields.com

*Attorneys for HSBC Bank USA, N.A.*

_____
Stephen Ehrenberg
SULLIVAN & CROMWELL
125 Broad Street
New York, New York 10005
Tel: (212) 558-4000
Fax: (212) 558-3588
ehrenbergs@sullcrom.com

*Attorneys for Goldman Sachs International*

Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4913

# Labaton Sucharow

Honorable Gregory H. Woods
March 2, 2015
Page 8

Fax: (212) 446-6460
joseph.serino@kirkland.com

Susan M. Davies
G. Patrick Montgomery
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
susan.davies@kirkland.com
patrick.montgomery@kirkland.com

*Attorneys for BASF Metals Limited*

Robert Houck
CLIFFORD CHANCE, LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 878-8000
Fax: (212) 878-8001
Robert.Houck@cliffordchance.com

*Attorneys for Standard Bank plc*