UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

MODERN SETTINGS LLC, ET AL., *on behalf of themselves and all others similarly situated*,

:
:
:
:

Plaintiffs,

:

v.

:

BASF METALS LIMITED, GOLDMAN SACHS INTERNATIONAL, HSBC BANK USA, N.A., and STANDARD BANK PLC,

:
:
:
:
:
:

Defendants.

:

1:14-cv-9391 (GHW)
1:15-cv-436 (GHW)
1:15-cv-1036 (GHW)
1:15-cv-1712 (GHW)
1:15-cv-1817 (GHW)

**Defendants' Memorandum of Law in Support of Their Motion to Stay Discovery**

**Oral Argument Requested**

---------------------------------------------------X
---------------------------------------------------X

WHITE OAK FUND LP, *on behalf of itself and all others similarly situated*,

:
:
:
:

Plaintiff,

:

v.

:

BASF METALS LIMITED, GOLDMAN SACHS INTERNATIONAL, HSBC BANK USA, N.A., and STANDARD BANK PLC,

:
:
:
:
:
:

Defendants.

:

---------------------------------------------------X
---------------------------------------------------X

LARRY HOLLINS, *on behalf of himself and all others similarly situated*,

:
:
:

Plaintiffs,

:

v.

:

BASF METALS LIMITED, GOLDMAN SACHS INTERNATIONAL, HSBC BANK USA, N.A., and STANDARD BANK PLC,

:
:
:
:
:
:

Defendants.

:

---------------------------------------------------X

```
-------------------------------------------------X
NORMAN BAILEY, THOMAS                    :
GALLIGHER, KPFF INVESTMENTS,             :
INC., and KEN PETERS,                    :
                                         :
                    Plaintiffs,          :
                                         :
            v.                           :
                                         :
BASF METALS LIMITED,                     :
GOLDMAN SACHS                            :
INTERNATIONAL, HSBC BANK                 :
USA, N.A., STANDARD BANK PLC,            :
and LONDON PLATINUM AND                  :
PALLADIUM FIXING COMPANY                 :
LTD.                                     :
                    Defendants.          :
-------------------------------------------------X
-------------------------------------------------X
CRAIG R. COOKSLEY, individually          :
and on behalf of all those similarly     :
situated,                                :
                                         :
                    Plaintiffs,          :
                                         :
            v.                           :
                                         :
BASF METALS LIMITED,                     :
GOLDMAN SACHS                            :
INTERNATIONAL, HSBC BANK                 :
USA, N.A., and STANDARD BANK             :
PLC,                                     :
                    Defendants.          :
-------------------------------------------------X
```

## **<u>TABLE OF CONTENTS</u>**

*Page*

PRELIMINARY STATEMENT ...........................................................................................1

BACKGROUND ...............................................................................................................3

ARGUMENT ....................................................................................................................4

I.      THERE ARE "SUBSTANTIAL GROUNDS" FOR DISMISSAL....................................6

II.     THE BURDEN OF POTENTIALLY UNNECESSARY DISCOVERY
        OUTWEIGHS ANY PREJUDICE FROM AWAITING ADJUDICATION
        OF THE MOTION....................................................................................................9

        A.      The Contemplated Discovery Is Broad and Burdensome....................................10

        B.      Plaintiffs Will Suffer No Prejudice If Discovery Is Stayed Until
                This Court Rules on the Motion to Dismiss..........................................................12

CONCLUSION..................................................................................................................15

# TABLE OF AUTHORITIES

*Page(s)*

CASES

*7 West 57th Street Realty Co.* v. *Citigroup, Inc.*,
No. 13-cv-0981 (S.D.N.Y. 2013) ........................................................................5

*Ashcroft* v. *Iqbal*,
556 U.S. 662 (2009) ...........................................................................................6

*Associated Gen. Contractors of Cal.* v. *California State Council of Carpenters*,
459 U.S. 519 (1983) ...........................................................................................7

*Avnet, Inc.* v. *Am. Motorists Ins. Co.*,
115 F.R.D. 588 (S.D.N.Y. 1987) .......................................................................13

*Bell Atl. Corp.* v. *Twombly*,
550 U.S. 544 (2007) ........................................................................................6, 7

*Brunswick Corp.* v. *Pueblo Bowl-O-Mart, Inc.*,
429 U.S. 477 (1977) ...........................................................................................7

*E & L Consulting, Ltd.* v. *Doman Indus. Ltd.*,
472 F.3d 23 (2d Cir. 2006) .................................................................................7

*Guttman* v. *Commodity Futures Trading Comm'n*,
197 F.3d 33 (2d Cir. 1999) .................................................................................8

*Halebian* v. *Berv*,
631 F. Supp. 2d 284 (S.D.N.Y. 2007) ...............................................................13

*In re Aluminum Warehousing Antitrust Litig.*,
2014 WL 4277510 (S.D.N.Y. Aug. 29, 2014) .....................................................5

*In re Aluminum Warehousing Antitrust Litig.*,
2015 WL 892255 (S.D.N.Y. Mar. 3, 2015) .........................................................5

*In re Aluminum Warehousing Antitrust Litig.*,
2015 WL 915157 (S.D.N.Y. Mar. 4, 2015) .........................................................5

*In re Amaranth Natural Gas Commodities Litig.*,
730 F.3d 170 (2d Cir. 2013) ...............................................................................8

**TABLE OF AUTHORITIES**
(*Continued*)

*Page(s)*

*In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.*,
2012 WL 6700236 (S.D.N.Y. Dec. 21, 2012) ...................................................................10

*In re Commodity Exchange, Inc., Gold Futures & Options Trading Litg.*,
No. 14-md-2548 (S.D.N.Y. 2014) ........................................................................5, 11

*In re Credit Default Swaps Antitrust Litig.*,
No. 13-md-2476 (S.D.N.Y. 2013) ..............................................................................5

*In re Foreign Exchange Benchmark Rates Antitrust Litig.*,
No. 13-cv-7789 (S.D.N.Y. 2013) ...............................................................................5

*In re Graphics Processing Units Antitrust Litig.*,
2007 WL 2127577 (N.D. Cal. July 24, 2007) .....................................................10, 12

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
11-md-2262, (S.D.N.Y. 2011) ...........................................................................5, 13

*In re London Silver Fixing, Ltd., Antitrust Litig.*,
No. 14-md-2573 (S.D.N.Y. 2014) ...............................................................................5

*In re Natural Gas Commodity Litig.*,
337 F. Supp. 2d 498 (S.D.N.Y. 2004) .........................................................................8

*In re North Sea Brent Crude Oil Futures Litig.*,
No. 13-md-2475 (S.D.N.Y. 2013) ...............................................................................5

*In re Term Commodities Cotton Futures Litig.*,
2013 WL 1907738 (S.D.N.Y. May 8, 2013) ...........................................................5, 9, 12

*In re Term Commodities Cotton Futures Litig.*,
2014 WL 5014235 (S.D.N.Y. Sept. 30, 2014) ............................................................9

*Integrated Sys. & Power, Inc.* v. *Honeywell Int'l, Inc.*,
2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ...........................................................12

*ITT Corp.* v. *Travelers Cas. and Sur. Co.*,
2012 WL 2944357 (D. Conn. July 18, 2012) ................................................................8

*Johnson* v. *New York Univ. School of Educ.*,
205 F.R.D. 443 (S.D.N.Y. 2002) ........................................................................4, 6

## TABLE OF AUTHORITIES
*(Continued)*

Page(s)

*KBL Corp.* v. *Arnouts,*
   646 F. Supp. 2d 335 (S.D.N.Y. 2009)...................................................................................14

*Laydon* v. *Mizuho Bank, Ltd.,*
   No. 12-cv-3419 (S.D.N.Y. 2012)............................................................................................5

*Loginovskaya* v. *Batratchenko,*
   764 F.3d 266 (2d Cir. 2014)..................................................................................................8

*Morrison* v. *National Australia Bank, Ltd.,*
   561 U.S. 247 (2010)..............................................................................................................8

*Niv* v. *Hilton Hotels Corp.,*
   2007 WL 510113 (S.D.N.Y. Feb. 15, 2007)......................................................................8, 12

*Picture Patents, LLC* v. *Terra Holdings LLC,*
   2008 WL 5099947 (S.D.N.Y. Dec. 3, 2008) .....................................................................8, 11

*Podany* v. *Robertson Stephens, Inc.,*
   350 F. Supp. 2d 375 (S.D.N.Y. 2004)...................................................................................13

*Rio Grande Royalty Co., Inc.* v. *Energy Transfer Partners, L.P.,*
   2008 WL 8465061 (S.D. Tx. Aug. 11, 2008) .....................................................................9, 12

*Spencer Trask Software and Info. Serv., LLC* v. *RPost Intern. Ltd.,*
   206 F.R.D. 367 (S.D.N.Y. 2002) ......................................................................................4, 6, 9

**STATUTES**

7 U.S.C. § 2(a)(1)(B) ................................................................................................................8

7 U.S.C. §§ 9 ............................................................................................................................8

 7 U.S.C. § 25 ...........................................................................................................................8

**RULES**

Fed. R. Civ. P. 9(b) ..................................................................................................................7

Fed. R. Civ. P. 26(c) ..............................................................................................................1, 4

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants BASF Metals Limited ("BML"), Goldman Sachs International ("GSI"), HSBC Bank USA, N.A. ("HSBC") and Standard Bank plc ("Standard Bank") (jointly, "Defendants") respectfully submit this Memorandum of Law in Support of Their Motion to Stay Discovery.

## PRELIMINARY STATEMENT

Defendants ask this Court to stay discovery pending resolution of Defendants' anticipated Motion to Dismiss (the "Motion to Dismiss") Plaintiffs' forthcoming Consolidated Amended Complaint ("CAC").[1]  For good reason, the consistent and growing trend among courts in this District is to stay discovery pending adjudication of motions to dismiss in complex cases alleging market manipulation or anticompetitive conduct in financial markets, rates and benchmarks.  Indeed, in the two cases most similar to this one—involving virtually identical allegations with respect to the gold and silver fixes—Judge Caproni stayed discovery *sua sponte* and, after briefing from the parties, re-confirmed that ruling through adjudication of motions to dismiss.

Although the CAC is not yet filed, the current complaints are riddled with fundamental deficiencies that would have prompted dismissal, including many that are so fundamental that no amendment in the CAC could overcome them.  If Defendants' Motion to Dismiss is granted, there would be no need for any discovery, and Defendants can avoid the

---

[1]   On February 25, 2015, the Court ordered that Plaintiffs file an amended complaint by April 6, 2015, consolidating the then-existing related actions, and providing Defendants 60 days to answer or move to dismiss.  (ECF No. 6.)  At the March 9, 2015 conference, and after another related action was filed, Plaintiffs asked the Court for a 15 day extension to file a CAC.  The Court ordered Plaintiffs to provide a proposed schedule by March 19, 2015.  (ECF No. 15.)

expenditure of millions of shareholder dollars that would undoubtedly be required to conduct discovery in this case.  But even if the Motion to Dismiss is not granted, or is granted only in part, it is quite possible, indeed likely, that the resulting opinion will sharpen the issues still left in the case.  Accordingly, as other courts in this District have found, it is prudent that the parties and the Court have the benefit of seeing the shape of the ultimate case, if any, before initiating costly discovery.

Although Plaintiffs' proposed document requests for "trade data" and documents already produced to regulators may appear on the surface to be straightforward, they are anything but, and would require a significant undertaking on the part of Defendants.  In light of the nature of the parties and the claims at issue in this case, many of the responsive documents are likely to be found in a host of foreign jurisdictions, with the United Kingdom likely being the most prominent.  For each of these jurisdictions, Defendants would likely need to retain or involve local counsel to help them navigate the various data privacy laws that may separately apply to (i) emails and business records, (ii) employee files, and (iii) client and counterparty information, including identity.  Defendants would then need to review each document to make a designation under a yet-to-be negotiated protective order.  Depending on local law, this review may need to physically take place within the jurisdiction.  This will not be a trivial effort.

While staying discovery in the instant case is sensible in light of both recent precedent in this District and prudential case-management concerns, the Plaintiffs will suffer no undue prejudice.  All Defendants have in place appropriate litigation hold notices, and Plaintiffs have not demonstrated any need for expedited discovery.  This Court's view on the sufficiency of the CAC will undoubtedly focus the issues in the case, if there is to be a case at all, and Plaintiffs will suffer no harm from awaiting this Court's opinion.

For the reasons set forth below, Defendants respectfully request that all discovery be stayed until the forthcoming Motion to Dismiss is adjudicated.

## BACKGROUND

Plaintiffs Modern Settings LLC (a NY corporation) and Modern Settings LLC (a Florida corporation) allege that Defendants engaged in a "nearly eight-year unlawful conspiracy to manipulate and rig the global benchmarks for physical platinum and palladium prices . . . as well as prices of platinum- and palladium-based financial derivative products." (Compl. ¶ 1.)[2] Plaintiffs and members of their purported class allegedly "lost value on tens of thousands of transactions involving physical platinum and palladium and platinum- and palladium-based financial products because of Defendants' unlawful conduct." (Compl. ¶ 4.) Tellingly, the complaint fails to allege any actual agreement among the Defendants, cite a single inter-Defendant communication or otherwise plead any factual support for Plaintiffs' claims in a non-conclusory manner.

Instead, Plaintiffs' allegations are based almost entirely on undisclosed studies carried out by unidentified "experts" paid by Plaintiffs to conduct "statistical analyses" pursuant to undisclosed and untested methodologies. These paid-for experts found purportedly "anomalous" price moves around and during the Platinum and Palladium Fixings, the twice-daily conference calls on which the price of platinum and palladium is set pursuant to a fully disclosed and decades-old process. (*See* Compl. ¶¶ 6, 56, 71-73.) According to Plaintiffs, Defendants allegedly manipulated the prices of platinum and palladium because they "transact in the futures

---

[2]     For convenience, all references to "Compl." refer to the complaint filed in *Modern Settings LLC*, *et al.* v. *BASF Metals Limited*, *et al.*, No. 14-cv-9391 (S.D.N.Y. Nov. 25, 2014).

market for hedging purposes [and therefore] have held outsized short positions" that would benefit from price suppression. (Compl. ¶ 83.) Plaintiffs primarily bring claims under the Sherman Act and the Commodity Exchange Act ("CEA").

Other plaintiffs filed substantially similar complaints on January 21, 2015 (*White Oak Fund LP*) and February 13, 2015 (*Hollins*). On February 25, 2015, the Court ordered that Plaintiffs in all three cases file a CAC no later than April 6, 2015. (ECF No. 6.) On March 9, 2015, a fourth complaint was filed (*Norman Bailey*, *et al.* v. *BASF Metals Limited*, *et al.*, No. 15-cv-1712). On March 11, 2015, a fifth complaint was filed (*Craig R. Cooksley* v. *BASF Metals Limited, et al.*, No. 15-cv-1817). At the conference held on March 9, 2015, the Court ordered a stay of discovery through the filing of a CAC, and ordered briefing on extending that stay until the disposition of the anticipated Motion to Dismiss. (ECF No. 15.)

## ARGUMENT

District courts have discretion to stay discovery for "good cause" pending resolution of a motion to dismiss. *See* Fed. R. Civ. P. 26(c). In this District, good cause is found to exist "where the motion appear[s] to have substantial grounds or . . . do[es] not appear to be without foundation in law[,]" *Johnson* v. *New York Univ. School of Educ.*, 205 F.R.D. 443, 434 (S.D.N.Y. 2002) (quotation marks omitted) (alterations in original), or if "the breadth of discovery and the burden of responding to it" outweighs any prejudice to the party opposing the stay. *Spencer Trask Software and Info. Serv., LLC* v. *RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

When applying this standard to complex litigation involving allegations of manipulation or anticompetitive conduct in financial markets (as this case does), many courts in this District have concluded that it is appropriate to stay discovery pending adjudication of any

motions to dismiss.  These include Judge Buchwald in the U.S. Dollar Libor multidistrict

litigation, Judge Gardephe in a U.S. Dollar Libor case, Judge Daniels in a separate case relating

to Yen Libor and Euroyen Tibor, Judge Schofield in the foreign exchange benchmark rates

multidistrict litigation, Judge Cote in the credit default swap antitrust multidistrict litigation,

Judge Carter in the North Sea Brent crude oil futures multidistrict litigation, and Magistrate

Judge Fox in cotton futures litigation.[3]  Most recently, Judge Caproni stayed all discovery *sua*

*sponte* in two virtually indistinguishable cases alleging manipulation of the gold and silver

fixes—rulings that she then reconfirmed after briefing by the parties.[4]

Plaintiffs can identify no reason for a different outcome here.[5]

---

[3]    *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.) ECF
No. 282 at 4-5; ECF No. 698; *7 West 57th Street Realty Co.* v. *Citigroup, Inc.*, No. 13-cv-0981
(S.D.N.Y.), ECF No. 107; *Laydon* v. *Mizuho Bank, Ltd.*, No. 12-cv-3419 (S.D.N.Y.) ECF No.
362; *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789 (S.D.N.Y.) ECF
No. 152 at 23; *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476 (S.D.N.Y.) ECF No.
244 at 52-53; ECF No. 284; *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-2475
(S.D.N.Y.) ECF No. 123; *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738
(S.D.N.Y. May 8, 2013).

[4]    *In re Commodity Exchange, Inc.*, *Gold Futures & Options Trading Litg.*, No. 14-md-
2548 (S.D.N.Y.) ECF No. 12; ECF No. 22 (confirming stay after letter briefing); *In re London
Silver Fixing, Ltd.*, *Antitrust Litig.*, No. 14-md-2573 (S.D.N.Y.) ECF No. 4; ECF No. 24
(confirming stay without further briefing).  Defendants acknowledge that Judge Forrest permitted
discovery to proceed in an antitrust action involving aluminum warehousing, but a number of
defendants subsequently had their claims against them dismissed on threshold pleading grounds
just a few months later.  *See In re Aluminum Warehousing Antitrust Litig.*, 2014 WL 4277510
(S.D.N.Y. Aug. 29, 2014); *In re Aluminum Warehousing Antitrust Litig.*, 2015 WL 892255
(S.D.N.Y. Mar. 3, 2015); and *In re Aluminum Warehousing Antitrust Litig.*, 2015 WL 915157
(S.D.N.Y. Mar. 4, 2015).  Indeed, *In re Aluminum Warehousing* illustrates the danger of jumping
into cumbersome and expensive discovery practice prior to ascertaining whether a proper claim
has been stated in the first place.

[5]    The gold and silver cases are particularly important to bear in mind because one of the
Defendants here (HSBC) is also a defendant in both of those cases.  Although the cases involve
different metals, many of the same personnel at HSBC are relevant to all three cases.  Permitting

(*footnote continued on next page*)

I.       THERE ARE "SUBSTANTIAL GROUNDS" FOR DISMISSAL.

Numerous "courts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Johnson*, 205 F.R.D. at 434 (quotation marks omitted) (alterations in original).  This standard does not require the Court to be fully persuaded of the merits of the motion before granting a stay. Even if the "Court cannot . . . predict the outcome of the motion to dismiss" at this juncture, a stay is appropriate as long as the Court finds that Defendants at least "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit."  *Spencer*, 206 F.R.D. at 368.  Defendants' Motion to Dismiss easily clears this threshold, and presents several substantial grounds for dismissal.[6]

The Supreme Court has made clear that a plaintiff is "not entitled to discovery, cabined or otherwise," unless the plaintiff first makes factual allegations sufficient to state a claim for relief.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 684 (2009); *accord Bell Atl. Corp.* v. *Twombly*, 550 U.S. 554, 558, 564 n.8 (2007) (the "basic deficiency [of a complaint] should be exposed at the point of minimum expenditure of time and money by the parties and the court" and "before

---

discovery to proceed here could therefore have the practical effect of undermining the stays imposed in gold and silver.  If HSBC were to avoid inefficiencies, it would be forced to negotiate immediately with all three sets of plaintiffs to avoid duplication of document collection, processing and review efforts across the three cases.

[6]       Although the CAC has not yet been filed, Plaintiffs have given no indication that the forthcoming CAC will differ materially from the current operative complaints.  The anticipated arguments discussed below apply to the extent the CAC contains the same insuperable deficiencies.

proceeding to discovery, a complaint must allege facts suggestive of illegal conduct" (quotation marks omitted)); *Associated Gen. Contractors of Cal.* v. *California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983) ("a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.").

The current complaints are facially deficient for several incurable reasons and are susceptible to dismissal on at least six independent and substantial grounds for each of the Sherman Act and CEA claims.  Specifically, the Sherman Act claims should be dismissed on the grounds that, *inter alia*:

- The Sherman Act claim has failed to allege facts sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007), including the failure to adequately allege that Defendants entered into an agreement and/or there was any agreement in restraint of trade;

- Plaintiffs lack standing to pursue their antitrust claims, *Associated General Contractors of Cal.*, 459 U.S. 519;

- Plaintiffs have failed to allege facts sufficient to support a claim that they suffered antitrust injury as a result of the alleged conspiracy, *Brunswick Corp.* v. *Pueblo Bowl-O-Mart, Inc.*, 429 U.S. 477 (1977), or any injury in fact;

- Plaintiffs have failed to allege any injury to competition, *E & L Consulting, Ltd.* v. *Doman Indus. Ltd.*, 472 F.3d 23 (2d Cir. 2006);

- The Sherman Act claims are barred under the Foreign Trade Antitrust Improvements Act of 1982; and

- Certain of the alleged conduct falls outside the Clayton Act's four-year statute of limitations.

The CEA claims are also subject to dismissal on the following grounds:

- Plaintiffs have failed to plead the essential elements of fraud-based manipulation under the CEA, in particular those elements subject to the heightened pleading standard of Fed. R. Civ. P. 9(b);

- Plaintiffs have failed to plead the essential elements of artificial price manipulation under the CEA, 7 U.S.C. §§ 9, 25, *In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170 (2d Cir. 2013);

- Plaintiffs have failed to plead the essential elements of principal-agent liability under the CEA, 7 U.S.C. § 2(a)(1)(B), *Guttman* v. *Commodity Futures Trading Comm'n*, 197 F.3d 33 (2d Cir. 1999);

- Plaintiffs have failed to plead the essential elements of aiding and abetting under the CEA, 7 U.S.C. § 25, *In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004);

- The CEA does not apply to extraterritorial transactions under *Morrison* v. *National Australia Bank, Ltd.*, 561 U.S. 247 (2010), and *Loginovskaya* v. *Batratchenko*, 764 F.3d 266 (2d Cir. 2014); and

- The alleged conduct falls outside the CEA's two-year statute of limitations.[7]

Defendants believe that these arguments are likely to prevail if and when they are formally presented to the Court.  "If defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees."  *Picture Patents, LLC* v. *Terra Holdings LLC*, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008); *see also Niv* v. *Hilton Hotels Corp.*, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) ("[I]f the motion is granted, this burden [of responding to the discovery requests] will likely have served little purpose."); *ITT Corp.* v. *Travelers Cas. and Sur. Co.*, 2012 WL 2944357, at *4 (D. Conn. July 18, 2012) ("The discovery will be time-consuming, burdensome and expensive.  The defendant's motion is potentially dispositive and appears to have substantial grounds.").  Rather than subject Defendants to potentially unnecessary burden and expense, the Court should first review the CAC and the Motion to Dismiss to determine

---

[7]     Defendants reserve their rights to raise other grounds for dismissal upon examination of the CAC, including but not limited to lack of personal jurisdiction.

whether there is any case to answer.  Defendants maintain there is none, but even if there is, the

scope of discovery will undoubtedly be shaped by the motion practice.[8]

## II.     THE BURDEN OF POTENTIALLY UNNECESSARY DISCOVERY OUTWEIGHS ANY PREJUDICE FROM AWAITING ADJUDICATION OF THE MOTION.

Even setting aside the strength of Defendants' Motion to Dismiss, a stay of

discovery is warranted for the independent consideration of "the breadth of discovery sought and

the burden of responding to it." *Spencer*, 206 F.R.D. at 368; *see also Rio Grande Royalty Co.,*

*Inc.* v. *Energy Transfer Partners, L.P.*, 2008 WL 8465061 (S.D. Tx. Aug. 11, 2008).  For

example, in *Rio Grande*, the Court concluded that discovery of documents previously produced

to the CFTC "should be stayed given the burden to Defendant of reviewing the documents and

because Plaintiff has not demonstrated any need for the documents prior to this Court's ruling on

the pending Motion."  *Id.* at *1.  Likewise here, the requested production would be burdensome,

and Plaintiffs cannot identify any prejudice they would suffer from awaiting this Court's

adjudication of the Motion to Dismiss.

---

[8]      For instance, in a litigation alleging anti-competitive and manipulative behavior in the
cotton futures market, Magistrate Judge Fox stayed discovery pending adjudication of the motion
to dismiss.  *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738.  Upon a motion
for reconsideration of the motion to dismiss, Judge Carter dismissed one antitrust claim but
permitted a narrower case to proceed, observing that plaintiffs' theory was "very complicated
(and at times, murky)," that "even at this early stage in the litigation, Defendants' theories and
facts seem significantly more probable[,]" that he would permit defendants to make a motion for
summary judgment prior to class certification briefing, and that he would "strictly define the
parameters of any additional discovery."  *In re Term Commodities Cotton Futures Litig.*, 2014
WL 5014235, at *3, 10 (S.D.N.Y. Sept. 30, 2014).

## A.     The Contemplated Discovery Is Broad and Burdensome.

Plaintiffs have stated that they seek the reproduction of documents produced to government regulators as well as "trade data" prior to the adjudication of the Motion to Dismiss, and that the production of these documents would not be burdensome.  In fact, Defendants are certain to incur significant burden and expense in complying with these requests.

*First*, with respect to previously produced materials, Plaintiffs ignore the reality that government inquiries tend to be wider in scope than the issues typically raised in civil litigation and require burdensome confidentiality review before production.  *See In re Commodity Exch., Inc., Silver Futures and Options Trading Litig.*, 2012 WL 6700236, at \*21 n.11 (S.D.N.Y. Dec. 21, 2012) (observing that "the discovery that was done for the [CFTC] was pretty massive discovery, knowing what the government would request generally under the circumstances").  Defendants cannot simply "copy" previously produced materials and turn them over wholesale.  Rather, Defendants would have to re-review such materials for a myriad of confidentiality concerns.  As other courts have recognized when granting stays of discovery— even of documents previously produced to a regulator—"Defendants have a legitimate interest in maintaining the confidentiality of their records[,]" and there are grounds for withholding or redacting documents "that might be assertable against plaintiffs that were unasserted against the government."  *In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, at \*5 (N.D. Cal. July 24, 2007).  Complicated multi-tier protective orders are common in cases such as these, and the sensitivity and confidentiality of business records that identify clients and counterparties and possibly proprietary information would oblige each Defendant to review each document from whatever responsive productions they might have made in order to make the proper designations under a protective order that has yet to be negotiated, drafted, and accepted by this Court.

*Second*, in light of the fact that all Defendants are foreign entities (or, in the case of HSBC, a U.S. entity that both has a foreign parent corporation and which maintains potentially responsive documents and records outside the United States, where it conducts the bulk of its platinum and palladium-related trading activity, including activity related to the daily fixings), any discovery request will necessarily implicate a host of foreign legal issues relating to data protection and privacy, bank secrecy and banking supervisory privileges.  Many of the documents relating to the price discovery process are likely to be located in the United Kingdom, or to have originated there.  Documents relating to that process may also be located in other jurisdictions as well.  For each jurisdiction, Defendants would have to retain or involve local counsel to help navigate the applicable laws on data privacy and protection as to employees, clients and counterparties.  It is possible that, as a result of these laws, Defendants will have to physically conduct document review in foreign jurisdictions.  Disputes over the applicability of these laws as to particular documents may necessitate motion practice between the parties.  *See In re Commodity Exchange, Inc.*, *Gold Futures & Options Trading Litg.*, No. 14-md-2548, ECF No. 22 at 2 (S.D.N.Y. Oct. 20, 2014) ("The burden of producing documents, some of which may raise questions of foreign privilege, data protection and privacy laws, substantially exceeds the 'slight' burden incurred in producing documents previously produced to the Securities and Exchange Comission.")  There is no reason to accelerate this burdensome process at this stage of the proceedings, because "[i]f defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees."  *Picture Patents*, 2008 WL 5099947, at *3.

For these, and other, reasons, Judges Caproni, Buchwald, Gardephe, Daniels, Schofield, Cote and Magistrate Judge Fox each granted stays in similar litigations

notwithstanding pre-existing government investigations by U.S. and/or European regulators. *See* nn. 2 & 3, *supra*, and cases cited therein; *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *6 (stay despite defendants' prior production of 90,000 pages of records to regulators); *In re Graphics*, 2007 WL 2127577, at *5 (stay of discovery of documents provided to regulators advances rationales of *Twombly* because the stay placed the court "in a much better position to evaluate how much, if any, discovery to allow"); *Rio Grande*, 2008 WL 8465061, at *1 ("Although the documents have already been assembled and produced to government agencies, thus reducing the burden to Defendants somewhat, Defendants' need to review such a large volume of documents prior to producing them would be a significant burden.").

    **B.**    **Plaintiffs Will Suffer No Prejudice If Discovery Is Stayed Until This Court Rules on the Motion to Dismiss.**

        The burdens Plaintiffs seek to impose on Defendants are particularly onerous in light of the fact that Plaintiffs cannot identify any prejudice they would suffer from waiting until after the Motion to Dismiss is decided before receiving the requested materials. While Defendants bear the overall burden of establishing good cause, when it comes to the specific element of prejudice, there is no presumption that a party seeking discovery is prejudiced by a temporary stay. "To presume that an order made pursuant to Rule 26(c) would result in prejudice to the non-moving party would be to significantly restrict the effectiveness of Rule 26(c)." *Hilton Hotels*, 2007 WL 510113, at *2. Only actual, demonstrated prejudice will suffice. As has been recognized in this District, "delay[ing] the commencement of discovery for only a few months . . . will . . . not prejudice the Plaintiff[s] to any degree." *Integrated Sys. & Power, Inc.* v. *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Here, it is hard to imagine how Plaintiffs will be prejudiced by waiting for this Court to opine on the adequacy of their complaint.

-12-

All Defendants have litigation holds in place, so relevant emails and records will be preserved. Furthermore, should a stay be granted, Defendants are nonetheless committed to working with Plaintiffs during this time on both a protocol for producing electronically stored information as well as a mutually agreeable protective order. This way, should any of Plaintiffs' claims survive a Motion to Dismiss, discovery will be able to commence in earnest without delay.

To the extent the "prejudice" to Plaintiffs is that a stay would prevent them from learning facts helpful to overcome Defendants' Motions to Dismiss, that is discovery for an improper purpose. "It's black letter law that lawsuits are not to be filed in search of lawsuits." *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 11-md-2262, ECF No. 282 at 4 (S.D.N.Y. Mar. 1, 2012); *see also Halebian* v. *Berv*, 631 F. Supp. 2d 284, 296–97 (S.D.N.Y. 2007), *vacated in part on other grounds*, 644 F.3d 122 (2d Cir. 2011) ("The purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." (quotation marks omitted)); *Avnet, Inc.* v. *Am. Motorists Ins. Co.*, 115 F.R.D. 588, 592 (S.D.N.Y. 1987) ("The discovery rules are not a hunting license to conjure up a claim that does not exist.").[9] "[A]llowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to 'streamline[] litigation by dispensing with needless discovery and factfinding' where the plaintiff has failed to

---

[9] *See also Podany* v. *Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim.").

state a claim under the law." *KBL Corp.* v. *Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (quoting *Neitzke* v. *Williams*, 490 U.S. 319, 326–27 (1989) (second alteration in original)).

   In sum, Plaintiffs cannot distinguish themselves from the numerous other similarly situated plaintiffs in other complex cases in this District alleging anticompetitive behavior and manipulation of financial markets and benchmarks and cannot offer any reason why a delay is more prejudicial here than in prior cases.

*  *  *

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that discovery be stayed pending resolution of their forthcoming Motion to Dismiss.

Dated: March 19, 2015
      New York, New York

Respectfully submitted,

/s/   Michael Lacovara
Michael Lacovara
Matthew J. Galvin
Leah Friedman
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
Tel: (212) 277-4000
Fax: (212) 277-4001

*Attorneys for HSBC Bank USA, N.A.*

/s/ Stephen Ehrenberg
Stephen Ehrenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Email: ehrenbergs@sullcrom.com

*Attorney for Defendant*
*Goldman Sachs International*

/s/  Joseph Serino, Jr.
Joseph Serino, Jr., P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4913
Fax:  (212) 446-6460
joseph.serino@kirkland.com
G. Patrick Montgomery (*pro hac vice motion forthcoming*)
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, D.C. 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
patrick.montgomery@kirkland.com

*Attorneys for BASF Metals Limited*

/s/   Robert G. Houck
Robert G. Houck
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019
Tel: (212) 878-8000
Fax: (212) 878-8375
Robert.Houck@cliffordchance.com

*Attorney for Standard Bank plc*