USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/20/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MODERN SETTINGS LLC, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>BASF METALS LIMITED, *et al.*,<br><br>       Defendants. | Civil Action No. 14-cv-9391<br><br>Hon. Gregory H. Woods |
| WHITE OAK FUND LP,<br><br>       Plaintiff,<br><br>v.<br><br>BASF METALS LIMITED, *et al.*,<br><br>       Defendants. | Civil Action No. 15-cv-436<br><br>Hon. Gregory H. Woods |
| LARRY HOLLIN,<br><br>       Plaintiff,<br><br>v.<br><br>BASF METALS LIMITED, *et al.*,<br><br>       Defendants. | Civil Action No. 15-cv-1036<br><br>Hon. Gregory H. Woods |
| NORMAN BAILEY, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>BASF METALS LIMITED, *et al.*,<br><br>       Defendants. | Civil Action No. 15-cv-1712<br><br>Hon. Gregory H. Woods |

| | |
|---|---|
| CRAIG R. COOKSLEY, | |
| Plaintiff, | Civil Action No. 15-cv-1817 |
| v. | Hon. Gregory H. Woods |
| BASF METALS LIMITED, *et al.*, | |
| Defendants. | |

# CASE MANAGEMENT ORDER NO. 1

WHEREAS, Plaintiffs Modern Settings LLC (a New York LLC) and Modern Settings LLC (a Florida LLC) (together, the "Modern Settings Plaintiffs") filed the first class action complaint in this Court, alleging violations of the Sherman Act (15 U.S.C. § 1, *et seq.*), Commodity Exchange Act (7 U.S.C. § 1, *et seq.*), and common law unjust enrichment, arising from Defendants' alleged manipulation of the prices of platinum and palladium and their respective financial derivative products;

WHEREAS, Plaintiffs (a) White Oak Fund LP (Case No. 15-cv-436); (b) Larry Hollin (Case No. 15-cv-1036); (c) Norman Bailey, Thomas Galligher, KPFF Investments, Inc., and Ken Peters (Case No. 15-cv-1712); and (d) Craig R. Cooksley (Case No. 15-cv-1817) filed subsequent class action complaints in this Court alleging substantially similar facts and claims for relief against Defendants;

WHEREAS, all subsequently filed actions arising from the same questions of law and fact, alleging substantially the same wrongful conduct against the same defendants, asserting violations of the Sherman, Commodity Exchange Act, and common law unjust enrichment, and seeking certification of similar nationwide classes will entail substantially the same evidence and

2

witnesses (together with the White Oak Fund, Hollin, Bailey et al., and Cooksley actions, the "Related Actions");

WHEREAS, Defendants, unless expressly stated herein, reserve all their rights and defenses, including as to lack of personal jurisdiction and opposition to class certification, but do agree that coordination and efficiency are in the shared interests of the parties and the Court;

WHEREAS, consolidation of the complaints in the above pending actions, as well as any Related Actions filed in the future, will avoid duplication and unnecessary costs, and will promote the orderly and efficient conduct of the proceedings herein;

WHEREAS, Plaintiffs and Defendants in all the above actions support entry of this Case Management Order;

**IT IS HEREBY ORDERED AS FOLLOWS**:

Plaintiffs' Motion for Entry of Case Management Order No. 1 is **GRANTED**.

**A.  Consolidation of All Actions**

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, all of the above actions, as well as any other Related Actions, shall be consolidated. Plaintiffs shall file a consolidated amended complaint ("CAC") no later than **April 21, 2015**. Upon filing the CAC via the Court's CM/ECF system, Defendants having previously made appearances in this action shall be deemed served in accordance with Rule 5 of the Federal Rules of Civil Procedure and the Court's Local Civil Rule 5.2 without waiver of any defense except for service of process. Defendants shall answer or move to dismiss the CAC no later than **June 22, 2015**. Plaintiffs shall file oppositions to any motions to dismiss no later than **August 24, 2015**. Defendants shall file reply briefs no later than **September 28, 2015**. If Plaintiffs exercise their right to amend their pleading under Federal Rule of Civil Procedure 15(a)(1)(B) and this Court's Individual

Rule of Practice in Civil Cases 3.D, the parties shall submit a proposed amended briefing schedule for the Court's consideration and approval.

2. *Modern Settings LLC, et al. v. BASF Metals Limited, et al.*, No. 14-cv-9391 (S.D.N.Y.) shall be designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Lead Case File.

3. Every pleading shall be filed in the Lead Case File and bear the following caption:

| IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION | Lead Case No. 14-cv-9391<br><br>Hon. Gregory H. Woods |
|---|---|

4. The Clerk shall close the following dockets:

    a.    15-cv-436

    b.    15-cv-1036

    c.    15-cv-1712

    d.    15-cv-1817

A notation shall be made on these dockets that upon entry of this Order, all papers shall be filed in the Lead Case File and no further papers shall be filed in the individual case dockets.

5. Subsequently filed actions deemed as related by the Court shall be consolidated with the Lead Case File.

6. This Order shall apply to any related action that is filed in this Court unless a party objects within 14 days of notice of this Order. This Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

B. **Organization of Plaintiffs' Counsel**

7. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the following firms as Interim Co-Lead Counsel for the proposed Class:

| LABATON SUCHAROW LLP | BERGER & MONTAGUE, P.C. |
|---|---|
| Gregory S. Asciolla | Merrill G. Davidoff |
| Jay L. Himes | 1622 Locust Street |
| 140 Broadway | Philadelphia, Pennsylvania 19103 |
| New York, New York | Tel: (215) 875-3000 |
| Tel: (212) 907-0700 | mdavidoff@bm.net |
| gasciolla@labaton.com | |
| jhimes@labaton.com | |

8. Labaton Sucharow and Berger & Montague shall be responsible, either personally or by designee, for the overall conduct of the litigation on behalf of all Plaintiffs, including providing supervision of all Plaintiffs' counsel in the litigation. As Interim Co-Lead Counsel for the Class, Labaton Sucharow and Berger & Montague have the authority to:

    a. Promote the efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

    b. Prepare and file a CAC and any subsequent pleadings;

c. Conduct all pretrial, trial, and post-trial proceedings on behalf of all Plaintiffs and act as spokesperson for all Plaintiffs;

d. Conduct or coordinate discovery on behalf of all Plaintiffs consistent with the Federal Rules of Civil Procedure, including preparation (or responses to) written discovery requests and examination (or defense) of witnesses in depositions;

e. Monitor activities of all Plaintiffs' counsel and implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided by collecting from each firm regular time and expense reports in the form set forth by Interim Co-Lead Counsel;

f. Make and collect assessments from some or all Plaintiffs' counsel for the purpose of paying the costs necessary to litigate the case;

g. Negotiate with defense counsel with respect to settlement and other matters;

h. Prepare any application for an award (or approval) of fees and reimbursement of expenses incurred by Plaintiffs;

i. Consult with and retain expert witnesses for the Plaintiffs;

j. Negotiate with, retain, and manage relations with outside vendor(s) for the collection, processing, or review of documents and electronically stored information produced in discovery;

k. Conduct or coordinate all negotiations with defense counsel regarding search and production protocols, manage the review of documents produced by Defendants and third parties (and production of documents

       by Plaintiffs), and implement advanced analytics for the efficient review of documents as appropriate;

   l.    Coordinate and communicate as necessary with counsel for other parties in the litigations regarding any matters addressed in this Order in order to ensure efficient use of Plaintiffs', Defendants', and the Court's time;

   m.    Ensure that all Plaintiffs' counsel and Plaintiffs are kept informed of the progress of this litigation as necessary; and

   n.    Otherwise coordinate the work of Plaintiffs' counsel, and perform such other duties as Interim Co-Lead Counsel deem necessary and appropriate based upon their judgment and consideration or as authorized by further Order of the Court.

9.    No motion shall be initiated or filed on behalf of any Plaintiff except through Interim Co-Lead Counsel.

10.    Interim Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs, unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel for the Class, and such agreements shall be binding on all other Plaintiffs in their respective cases.

11.    Interim Co-Lead Counsel are hereby designated as counsel for all Plaintiffs upon whom all discovery, motions or other pleadings, notices, and correspondence shall be served, and Defendants shall serve papers on all Plaintiffs by serving Interim Co-Lead Counsel by electronic means in compliance with the Rules and Orders of this Court. Interim Co-Lead

Counsel shall be responsible for maintaining a master service list of all parties and their respective counsel.

12. No communications between or among any of Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which Plaintiffs would otherwise be entitled.

The Clerk of Court is directed to terminate the pending motion at docket number 22 in 14-cv-9391-GHW.

**SO ORDERED.**

Dated this __20__ day of __March__, 2015.

New York, New York

                                                 Hon. Gregory H. Woods
                                                 United States District Judge
                                                 Southern District of New York