# Freshfields Bruckhaus Deringer US LLP

**Via ECF**

The Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

New York
601 Lexington Avenue
31st Floor
New York, NY 10022
T +1 212 277 4000 (Switchboard)
  +1 212 230 4630 (Direct)
F +1 646 465 7430
E michael.lacovara@freshfields.com
www.freshfields.com

March 31, 2016

Re:   *In re Platinum and Palladium Antitrust Litigation*, 14-CV-9391

Dear Judge Woods:

We represent HSBC Bank U.S.A., N.A. in this matter, and we write on behalf of all Defendants to respond to Plaintiffs' March 29, 2016 letter (Dkt. No. 111) regarding *Alaska Electrical Pension Fund v. Bank of America Corp.*, No. 14-cv-7126 (S.D.N.Y.) ("*ISDAfix*"). Putting aside the merits of the *ISDAfix* decision, it does not apply here for the points Plaintiffs identify, because the *ISDAfix* complaint (ECF No. 164) contains several factual allegations that materially distinguish it from the allegations in this case.

**Antitrust Standing.** The *ISDAfix* antitrust standing analysis is not applicable here. Unlike this case, *ISDAfix* is a direct-purchaser case. The *ISDAfix* plaintiffs alleged that they directly "'transacted in interest rate derivatives . . .' with one or more Defendant Banks." Slip Op. at 6. Accordingly, the *ISDAfix* court found that the plaintiffs there were "efficient enforcers" because "they were directly harmed" from "particular transactions and contracts" with the defendant banks. *Id.* at 22. Plaintiffs here, by contrast, did *not* sell platinum or palladium, or any platinum or palladium derivative, directly to any Defendant. They merely allege that *others* sold platinum or palladium, or platinum or palladium derivatives, to Defendants at depressed prices— and that Plaintiffs were injured based on an attenuated "price umbrella" theory that has been repeatedly rejected in this Circuit. *See* Defs.' Joint Mem. Of Law in Supp. of Mot. to Dismiss (Dkt. No. 116) at 28-29.

**Injury-in-Fact.** The *ISDAfix* plaintiffs alleged that they "transacted in interest rate derivatives *expressly* tied to ISDAfix"—such that manipulation of the ISDAfix benchmark on a given day directly reduced the value of their derivatives position that day. Slip Op. at 8-9.[1]

---

[1] The *ISDAfix* plaintiffs provided details about almost 2,000 specific transactions that they claimed were affected by Defendants' alleged manipulation of the ISDAfix benchmark, *see ISDAfix* Compl. App. A—allegations that factored significantly into the court's determination, *see* Slip Op. at 9.

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

Plaintiffs here, however, do not allege that any instrument in which they transacted was contractually tied to the Platinum or Palladium Fix price. Instead, they claim only that the prices of Platinum and Palladium Investments continuously "track[ed] the price of spot platinum" throughout the trading day and that the Auction's "price impact" on spot prices "last[ed] for several hours" a day. Compl. ¶¶ 91-92, 134. But Plaintiffs do not allege facts showing that any instruments they traded were adversely affected by the alleged price movements: specifically, they do not claim that they sold their Platinum and Palladium Investments during the intraday windows in which prices were allegedly suppressed.

**Plausibility.** The *ISDAfix* complaint contained numerous factual allegations not found in the Complaint here. Among others, the *ISDAfix* complaint alleged that the defendants had each contributed "'the *exact same* bid/ask spread'" to the ISDAfix benchmark calculation "'nearly every day for multiple years.'" Slip Op. at 11 (emphasis added) (quoting *ISDAfix* Compl. ¶¶ 9, 102). In this case, the Complaint offers no allegations that all Defendants ever quoted "the exact same price" for platinum or palladium, let alone that they did so continuously for a period of years.

The *ISDAfix* court also emphasized that the complaint in that case did not allege merely "that government investigations are pending, but also that those investigations have *actually turned up 'evidence of criminal behavior'*" by those defendant banks in connection with the ISDAfix benchmark. *Id.* at 13 (emphasis added) (quoting *ISDAfix* Compl. ¶¶ 14, 83). There is no allegation in this case that government investigations have yielded *any* evidence supporting Plaintiffs' claims of collusion among Defendants in the platinum and palladium markets—much less any evidence of criminal misconduct in those markets. Indeed, just last month HSBC announced that the U.S. Department of Justice had closed an antitrust investigation into the bank's precious metals trading.[2]

In any event, the decision does not affect Defendants' arguments that the Complaint's Commodity Exchange Act and unjust-enrichment claims should be dismissed, nor does it affect individual Defendants' arguments that the Court lacks personal jurisdiction over them.

> Respectfully submitted,
>
> /s/ *Michael Lacovara*
>
> Michael Lacovara

cc: Counsel of Record (via ECF)

---

[2] *See* HSBC USA Inc., Annual Report: Form 10-K, Feb. 22, 2016 at 224, https://www.sec.gov/Archives/edgar/data/83246/000008324616000030/husi12311510-k.htm.