

May 31, 2016

**VIA ECF**

Honorable Gregory H. Woods
U.S. District Court for the
 Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In re Platinum and Palladium Antitrust Litigation*, No. 14-cv-9391 (S.D.N.Y.)

Dear Judge Woods,

      We write to reply briefly to Defendants' letter dated May 27, 2016 ("May 27 Ltr.").

      Since the Second Circuit's *LIBOR* decision renders Defendants' previously made arguments on their pending motion to dismiss even less tenable, Defendants first attempt to re-argue "plausibility." However, the point has already been thoroughly briefed. As we demonstrated, at least seven plus factors, in addition to *hundreds* of meetings to exchange pricing information among the Defendants, make Plaintiffs' claims plausible. *See, e.g.*, ECF 129 (Opp. to Joint MTD), at 2-21.

      Similarly, Defendants now assert that "efficient enforcer" issues are their "core antitrust standing argument." May 27 Ltr. at 1. But previously Defendants led with an antitrust injury argument, which the Second Circuit rejected in *LIBOR* and which Defendants themselves have now withdrawn entirely. Defendants' newly found attraction to the efficient enforcer factors is not only afterthought, but also meritless.

*First*, case law upholds claims by persons, such as Plaintiffs, who are injured by manipulation of a trading market such as that relating to platinum and palladium. *See, e.g., Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 481 (7th Cir. 2002); Opp. to Joint MTD, at 26 & n. 28.

*Second*, contrary to Defendants' argument, claims such as those pleaded here are not a species of "umbrella liability." *Loeb*, 306 F.3d at 483-84; Opp. to Joint MTD at 27 & n. 29.

*Third*, efficient enforcer analysis does not require that a plaintiff deal directly with a price-fixer. Plaintiffs need only show they are one of a "class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement." *Gatt Commc'ns v. PMC Assocs.*, 711 F.3d 68, 76 (2d Cir.2013); Opp. to Joint MTD, at 29-30.

*Fourth*, Defendants' argument regarding speculative injury is overblown. Prices of physical platinum and palladium moved in near lockstep to prices of derivatives based on those metals enabling injury to all class members to be determined. *See* Opp. to Joint MTD, at 30-31.

*Finally*, in introducing its efficient enforcer discussion, the panel majority noted "there are features of this case that make it like no other, and potentially bear upon whether the aims of the antitrust laws are most efficiently advanced by appellants through these suits." *LIBOR,* at 38.

Respectfully submitted,

| | |
|---|---|
| BERGER & MONTAGUE, P.C. | LABATON SUCHAROW LLP |
| | |
| */s/ Merrill G. Davidoff* | */s/ Jay L. Himes* |
| Merrill G. Davidoff | Jay L. Himes |
| 1622 Locust Street | 140 Broadway |
| Philadelphia, PA 19103 | New York, NY 10005 |
| (215) 875-3000 (phone) | (212) 907-0834 (phone) |
| (215) 875-4604 (fax) | (212) 883-7501 (fax) |
| mdavidoff@bm.com | jhimes@labaton.com |

cc: All Counsel of Record (via ECF)