## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION | Civil Action No. 14-cv-9391 (GHW) (VF)<br><br>**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above-captioned action ("Action"):

1. Counsel for any party may designate any document or information, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, including, but not limited to, non-public financial information, business plans, product-development information, or marketing plans; information of a personal or intimate nature regarding any individual; information for which applicable federal, state or foreign law requires confidential treatment; or information that has been deemed by a relevant domestic or foreign court or regulatory authority to require confidential treatment. Information and documents designated by a party as Confidential will be stamped "CONFIDENTIAL."

2. Counsel for any party may designate any document or information, in whole or in part, as "Highly Confidential" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information for which (i) unauthorized

disclosure would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers, or (ii) applicable foreign or domestic laws, courts, or regulatory authorities require the equivalent of "Highly Confidential" treatment. Information and documents designated by a party as Highly Confidential will be stamped "HIGHLY CONFIDENTIAL."

3. Counsel for any party may designate deposition exhibits or portions of deposition transcripts as Confidential or Highly Confidential either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the final transcript of such deposition is made available to the Parties and the testifying witness, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the producing party or that person's counsel. All Parties will treat the entire deposition transcript as if it had been designated Confidential until 30 days after the final transcript of such deposition is made available to the Parties and the testifying witness.

4. Any Confidential or Highly Confidential information disclosed will be held and used by the person receiving such information solely for use in connection with this Action and not for any other purpose or in any other litigation or proceeding.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Highly Confidential information.

6. All documents or information designated as "CONFIDENTIAL" shall not be disclosed, summarized, described, characterized, or otherwise communicated to any person, except:

   a. The requesting Party (including current officers, directors, employees, or insurers of the Party), and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants, vendors (including trial vendors), or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   e. any witness (and attorneys for witnesses) who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action and who counsel for a Party in good faith believes has knowledge of the subject matter contained in the document, provided such person signs an

        agreement to be bound by this Order in the form attached as Exhibit A prior to or at the trial or deposition; and

    f.    the Court (including any mediator, or other person having access to any Confidential information by virtue of his or her position with the Court), or any private mediator or arbitrator that the Parties engage in this matter.

7.    All documents or information designated "Highly Confidential" shall not be disclosed, summarized, described, characterized, or otherwise communicated to any person whatsoever except, as necessary, to:

    a.    counsel retained specifically for this Action, including any paralegal, clerical or other assistant that such outside counsel employs and assigns to this matter;

    b.    any person identified in subparagraph 6(c), provided such person signs an agreement to be bound by this Order in the form attached as Exhibit A;

    c.    the persons identified in subparagraphs 6(d), 6(e), and 6(f) of this Order; and

    d.    any in-house litigation counsel of the Party whose access to the information is reasonably required to supervise or manage the case.

8.    Prior to disclosing or displaying Confidential or Highly Confidential information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

        c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A prior to or at the deposition.

9.      To the extent a party wishes to file with the Court documents or information designated as Confidential or Highly Confidential by an opposing party, that party shall file the Confidential or Highly Confidential documents electronically under seal in accordance with Rule I.g.2 of the Hon. Valerie Figueredo's Individual Practices In Civil Cases. The filing party shall simultaneously serve counsel for the opposing party via email with the materials filed under seal. Within ten business days of the filing under seal, the party designating the confidential information shall file a letter setting forth the basis for any permanent redactions or sealing on the docket, and any party opposing the redactions or sealing shall indicate its position in the letter. The letter shall attach the documents with any proposed redactions. At the same time as the filing, the party seeking permission to seal shall email a copy of the letter to Judge Figueredo's chambers with the proposed redactions highlighted in yellow.

10.      The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as "Confidential" or "Highly Confidential" information subject to all the terms of this Stipulation and Order.

11.      Any Personally Identifying Information ("PII") (including, but not limited to, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) or any data relating to an identified or identifiable individual, the disclosure of which is subject to the data protection or data privacy laws of any domestic or foreign jurisdiction ("Protected Personal Data") that is exchanged in discovery shall be

maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information and may require as a condition to disclosure of Protected Personal Data that the receiving party enter into a data transfer agreement with the producing party that protects the Protected Personal Data in such form as the producing party reasonably considers necessary to address the requirements of any data protection or data privacy laws of the applicable domestic or foreign jurisdiction. In the event the party who received PII or Protected Personal Data experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII or Protected Personal Data from unauthorized disclosure. The producing party may redact from any information or documents that are subject to disclosure PII or Protected Personal Data that, if disclosed, may breach the data protection or data privacy laws of the applicable domestic or foreign jurisdiction.

12.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. If a producing party claims that it has inadvertently produced material that is subject to a claim of privilege, including the attorney-client privilege, work product protection, or bank-examination privilege, such inadvertent production shall not function as a waiver of the privilege and the producing party shall inform the receiving party in writing of the inadvertent disclosure. Within ten business days of receiving the written notification, the receiving party shall confirm that it has destroyed the privileged material or provide notice of its intent to challenge the assertion of the privilege claim.

14. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential information to any person or in any circumstances not authorized under this Order, that receiving Party must, as soon as practicable, but in any event, no longer than five business days after discovery by the receiving Party or its counsel of record of the disclosure: (a) notify in writing the producing Party of the unauthorized disclosure(s); (b) make reasonable efforts to retrieve all copies of the Confidential or Highly Confidential information that was disclosed without authorization; (c) inform the person or persons to whom the unauthorized disclosure or disclosures were made of the terms of this Order; and (d) request that such person or persons either (1) execute an agreement to be bound by this Order in the form attached as Exhibit A; or (2) promptly return or destroy all copies of the Confidential or Highly Confidential information and refrain from publicizing or using for any purpose such Confidential or Highly Confidential information.

15. In the event a producing party reasonably believes that its Confidential information or Highly Confidential information has been improperly disclosed, it may apply to the Court to obtain appropriate relief. In the event that the aggrieved producing party seeks injunctive relief, it must petition the Court for such relief.

16. At the conclusion of litigation, Confidential information Highly Confidential information, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Highly Confidential information is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. Nothing herein shall limit the producing party's rights concerning its own documents or information that it has designated Confidential or Highly Confidential.

19. Nothing herein shall preclude the parties from disclosing material designated to be "Confidential" or "Highly Confidential" information if otherwise required by law or pursuant to a valid subpoena. If, at any time, material designated "Confidential" or "Highly Confidential" governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the party to whom the subpoena or request is directed shall, to the extent permitted by law, promptly give written notice to the producing party and include with that notice a copy of the subpoena or request. To the extent permitted by law, the party to whom the subpoena or request is directed also shall not produce documents for at least 14 days after notice of the subpoena is provided to the producing party on in order to provide the producing party a

reasonable period of time in which to seek to quash, limit or object to the subpoena or request, or to move for any protection for the Confidential or Highly Confidential material.

SO STIPULATED AND AGREED.

Dated: October 17, 2023

SO ORDERED.

_____

VALERIE FIGUEREDO

United States Magistrate Judge

## **Exhibit A**

## **Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____
Signed in the presence of:

_____
(Attorney)