# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION | Civil Action No. 14-cv-9391 (GHW) (VF) |

**STIPULATION AND AGREEMENT OF SETTLEMENT WITH DEFENDANTS BASF METALS LIMITED, GOLDMAN SACHS INTERNATIONAL, HSBC BANK USA, N.A, AND ICBC STANDARD BANK PLC**

1.    **RECITALS**

This Stipulation and Agreement of Settlement ("Agreement") is made and entered into on August 21, 2024 ("Execution Date"), between (i) on the one hand, Co-Lead Counsel in the Action, as defined below, on behalf of Plaintiffs Larry Hollin and White Oak Fund LP (collectively, "Class Plaintiffs"), for themselves individually and, subject to Court approval, on behalf of all Settlement Class Members, as defined herein, and, (ii) on the other hand, Defendants BASF Metals Limited, Goldman Sachs International, HSBC Bank USA N.A., and ICBC Standard Bank Plc ("Defendants").  Class Plaintiffs and Defendants are collectively referred to herein as the "Parties."  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, as defined herein, upon and subject to the terms and conditions hereof.

WHEREAS, beginning in and around November 2014, numerous class actions were filed against Defendants (the "Actions");

WHEREAS, on March 20, 2015, the Court ordered that the Actions be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

WHEREAS, on March 20, 2015, the Court appointed Labaton Sucharow LLP and Berger Montague PC as interim co-lead counsel;

WHEREAS, on April 21, 2015, Class Plaintiffs filed the First Consolidated Amended Class Action Complaint against Defendants asserting claims under the Sherman Act and the Commodity Exchange Act and for unjust enrichment;

WHEREAS, on June 22, 2015, Defendants moved to dismiss the First Consolidated Amended Class Action Complaint;

WHEREAS, on July 27, 2015, Class Plaintiffs filed a Second Consolidated Amended Class Action Complaint against Defendants asserting claims under the Sherman Act and the

1

Commodity Exchange Act and for unjust enrichment;

WHEREAS, on September 21, 2015, Defendants moved to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on March 28, 2017, the Court denied in part and granted in part Defendants' motion to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on May 15, 2017, Class Plaintiffs filed a Third Consolidated Amended Class Action Complaint against Defendants asserting claims under the Sherman Act and the Commodity Exchange Act;

WHEREAS, on July 21, 2017, Defendants moved to dismiss the Third Consolidated Amended Class Action Complaint;

WHEREAS, on November 21, 2019, Defendants moved for reconsideration of the Court's partial denial of their motion to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on March 29, 2020, the Court granted Defendants' motion to dismiss the Third Consolidated Amended Class Action Complaint and motion to reconsider its partial denial of Defendants' motion to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on April 15, 2020, the Court entered a final judgment in favor of Defendants;

WHEREAS, on April 27, 2020, Class Plaintiffs appealed the Court's March 28, 2017 decision and the Court's March 29, 2020 decision to the United States Court of Appeals for the Second Circuit;

WHEREAS, on May 8, 2020, Defendant BASF Metals Limited cross-appealed the

Court's March 29, 2020 decision to the United States Court of Appeals for the Second Circuit;

WHEREAS, on May 15, 2020, Defendant ICBC Standard Bank Plc cross-appealed the Court's March 29, 2020 decision to the United States Court of Appeals for the Second Circuit;

WHEREAS, on February 27, 2023, the United States Court of Appeals for the Second Circuit issued an opinion reversing in part the Court's March 29, 2020 grant of Defendants' motion to dismiss the Third Consolidated Amended Class Action Complaint and reversing the Court's March 29, 2020 grant of Defendants' motion for reconsideration of the Court's partial denial of Defendants' motion to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on March 20, 2023, Defendants petitioned the United States Court of Appeals for the Second Circuit for rehearing or rehearing en banc of its February 27, 2023 opinion;

WHEREAS, on April 12, 2023, the United States Court of Appeals for the Second Circuit denied Defendants' petition for rehearing or rehearing en banc of its February 27, 2023 opinion;

WHEREAS, on April 19, 2023, the United States Court of Appeals entered a mandate and remanded the Action to the Court;

WHEREAS, on June 6, 2023, the Court entered a Civil Case Management Plan and Scheduling Order pursuant to which discovery commenced;

WHEREAS, on July 17, 2023, the Court amended its March 20, 2015 order to appoint DiCello Levitt LLP and Berger Montague PC as interim co-lead counsel ("Co-Lead Counsel");

WHEREAS, on July 21, 2023, Defendants moved for judgment on the pleadings;

WHEREAS, on September 11, 2023, Defendants BASF Metals Limited and ICBC

Standard Bank Plc filed a Petition for Writ of Certiorari to the Supreme Court of the United States from the February 27, 2023 opinion of the United States Court of Appeals for the Second Circuit;

WHEREAS, on January 16, 2024, the Supreme Court of the United States denied the Petition for Writ of Certiorari of Defendants BASF Metals Limited and ICBC Standard Bank Plc;

WHEREAS, Co-Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, that: (1) it is in the best interest of the Settlement Class, as defined herein,  to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount, as defined herein, to be paid by Defendants under this Agreement, are obtained for the Settlement Class; and (2) the settlement set forth in this Agreement is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class;

WHEREAS, Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Class Plaintiffs in the Action and all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action;

WHEREAS, while Defendants continue to deny that they are liable for the claims asserted against them in the Action, they have nevertheless agreed to enter into this Agreement to avoid the further risk, expense, inconvenience, and distraction of burdensome and protracted litigation, and thereby to put fully to rest this controversy, to avoid the risks inherent in complex litigation, and to obtain complete dismissal of the claims asserted against Defendants in the

Action;

WHEREAS, this Agreement is the product of arm's-length negotiations between Co-Lead Counsel and Defendants' Counsel, as defined herein, and this Agreement embodies all of the terms and conditions of the settlement agreed upon between Defendants and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Class and each member thereof;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Class and each member thereof), by and through Co-Lead Counsel, and Defendants that, subject to the approval of the Court, the Action be settled, compromised, and dismissed with prejudice as to Defendants and the other Released Parties, as defined herein, without costs, except as stated herein, and releases and covenants not to sue be extended, as set forth in this Agreement.

## 2.  DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)     "Action" means *In re Platinum and Palladium Antitrust Litigation*, No. 14-cv-9391, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and/or consolidated in the future.

(b)     "Agreement" means this Stipulation and Agreement of Settlement, together with any exhibits attached thereto, which are incorporated herein by reference.

(c)     "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Settlement Fund pursuant to a plan of distribution

5

ultimately approved by the Court.

(d)     "Claims Administrator" means A.B. Data, Ltd., a qualified administrator selected by Co-Lead Counsel, and consented to by Defendants within five (5) business days of being informed of such selection, who shall not unreasonably withhold such consent.

(e)     "Class Plaintiffs" means Plaintiffs Larry Hollin and White Oak Fund LP.

(f)     "Co-Lead Counsel" means DiCello Levitt LLP and Berger Montague PC.

(g)     "Court" means the United States District Court for the Southern District of New York.

(h)     "Defendants" means BASF Metals Limited, Goldman Sachs International, HSBC Bank USA N.A., and ICBC Standard Bank Plc.

(i)     "Defendants' Counsel" means the counsel listed for each Defendant in the signature block below.

(j)     "Defendants' Claims" means all claims, including Unknown Claims, that Defendants may have against any Class Plaintiffs and Co-Lead Counsel relating to the institution, prosecution, or settlement of the Action, except for claims relating to the enforcement of the Settlement.

(k)     "Effective Date" or "Effective Date of Settlement" means the first business day following the date the Final Judgment and Order of Dismissal has become final and unappealable either because: (i) the prescribed time for commencing any appeal has expired and no appeal has been filed; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed

6

in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise.  The finality of the Final Judgment and Order of Dismissal shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

(l)      "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

(m)     "Escrow Agent" means The Huntington National Bank.

(n)      "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

(o)      "Fee and Expense Application" has the meaning given to it in Paragraph 7(a).

(p)      "Final Judgment and Order of Dismissal" means the final order of the Court, that has not been reversed, vacated, materially modified, or dismissed on appeal in whole or in part and that is no longer appealable, approving the Settlement set forth in this Agreement, certifying the Settlement Class set forth in this Agreement, and dismissing with prejudice the claims of Class Plaintiffs and all Settlement Class Members against Defendants, and which is to be substantially in the form attached hereto as Exhibit B or as modified by agreement of the

7

Parties.

(q)    "Final Order Date" means the date the Court enters the Final Judgment and Order of Dismissal.

(r)    "First Consolidated Amended Class Action Complaint" means the First Consolidated Amended Class Action Complaint filed in the Action on April 21, 2015.

(s)    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

(t)    "Platinum or Palladium Investment Transactions" means transactions in (i) platinum or palladium bullion, platinum or palladium bullion coins, platinum or palladium ingots, platinum or palladium bars, or any other form of physical platinum or palladium, (ii) platinum or palladium futures contracts conducted in whole or in part on NYMEX or any other exchange operated in the United States, (iii) shares in platinum or palladium ETFs, (iv) platinum or palladium call options conducted over-the-counter or in whole or in part on NYMEX or any other exchange operated in the United States, (v) platinum or palladium put options conducted over-the-counter or in whole or in part on NYMEX or any

8

other exchange operated in the United States, and (vi) platinum or palladium spot, platinum or palladium forwards, or platinum or palladium swaps traded over-the-counter.

(u)    "Notice" means the Notice of Proposed Settlement of Class Action to be provided to the Settlement Class in a manner acceptable to the Parties and approved by the Court.

(v)    "Parties" means Defendants and Class Plaintiffs.

(w)    "Person" means any individual or entity.

(x)    "Preliminary Approval Order" means an order of the Court that is to be substantially in the form attached hereto as Exhibit A.

(y)    "Released Claims" shall have the meaning specified in Paragraph 4(d) below.

(z)    "Released Parties" means Defendants and all of their respective past or present direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and all of their respective officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns.

(aa)    "Releasing Parties" means individually and collectively Class Plaintiffs and each Settlement Class Member, on behalf of themselves and any of their respective past or present officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions,

affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether any Class Plaintiff or Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court.  In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of this Agreement shall bind the Employee Benefit Plan and all Persons who may have any claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants. Notwithstanding that the United States government is excluded from the Settlement Class, with respect to any Settlement Class Member that is a government entity, the term "Releasing Parties" includes any Settlement Class Member as to which the government entity has the legal right to release such claims, including members of any Employee Benefit Plan sponsored by a government entity.

(bb)   "Second Consolidated Amended Class Action Complaint" means the Second Consolidated Amended Class Action Complaint filed in the Action on July 27, 2015.

(cc)   "Settlement" means the settlement and related terms between the Parties as set forth in this Agreement.

(dd)   "Settlement Amount" means the sum of twenty million dollars ($20,000,000.00).

(ee)   "Settlement Class" has the meaning given to it in Paragraph 3(a).

(ff)   "Settlement Class Member" means a Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself from the

10

Settlement Class in accordance with the procedures established by the Court.

(gg)    "Settlement Class Notice" means, collectively, the Notice and Summary Notice.

(hh)    "Settlement Fund" means the escrow account established pursuant to Paragraph 5(a) of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(ii)    "Summary Notice" means the summary notice of proposed settlement and hearing for publication acceptable to the Parties and approved by the Court.

(jj)    "Taxes" has the meaning given to it in Paragraph 9.

(kk)    "Third Consolidated Amended Class Action Complaint" means the Third Consolidated Amended Class Action Complaint filed in the Action on May 15, 2017.

(ll)    "Unknown Claims" means any and all claims which a Releasing Party does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Party might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, the Party providing the release shall have expressly waived the provisions, rights and benefits of Section 1542 of the California Civil Code or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

11

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

3.    **SETTLEMENT CLASS CERTIFICATION**

(a)    The Class Plaintiffs will seek, and Defendants shall not oppose, the Court's certification of a class as to Defendants for settlement purposes only (the "Settlement Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Settlement Class as to Defendants shall be defined as follows:

> All persons or entities who during the period from January 1, 2008 through November 30, 2014 either (i) sold platinum or palladium futures contracts in transactions conducted in whole or in part on NYMEX; (ii) sold platinum or palladium call options in transactions conducted in whole or in part on NYMEX; or (iii) bought platinum or palladium put options in transactions conducted in whole or in part on NYMEX.

> Excluded from the Class are Defendants and their employees, affiliates, parents, subsidiaries, and alleged co-conspirators, whether or not named in this Complaint, and the U.S. government; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class." Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

(b)    The Parties' agreement as to certification of the Settlement Class is only for purposes of effectuating this Settlement as to Defendants, and for no other purpose. Defendants retain all of their objections, arguments, and defenses with respect to any other request for class certification, and reserve all rights to contest class certification if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated, as provided herein, or if the Settlement set

12

forth in this Agreement otherwise fails to proceed for any other reason. The Parties acknowledge that there has been no stipulation to a class or certification of a class for any purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated, as provided herein, or if the Settlement set forth in this Agreement otherwise fails to proceed for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ad initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

### 4.    DISMISSALS, RELEASES, AND COVENANTS NOT TO SUE

(a)    Subject to Court approvals, Class Plaintiffs agree, on behalf of themselves and the Settlement Class Members, that this Agreement shall be in full and final disposition of: (i) the Action against Defendants; and (ii) any and all Released Claims as against all Released Parties.

(b)    Upon final approval of the Settlement reflected in this Agreement, and as part of the entry of the Final Judgment and Order of Dismissal, the Action shall be dismissed with prejudice as to Defendants.

(c)    The Class Plaintiffs and all Settlement Class Members shall release and shall be deemed to have released all Released Claims against all the Released Parties.  In connection therewith, upon the Effective Date of Settlement, each of the Releasing Parties:  (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; and (ii) agrees and covenants not to sue

13

any of the Released Parties with respect to any Released Claims or to assist any Person in commencing or maintaining any suit or action against any Released Party related in any way to the Released Claims.

(d)    "Released Claims" means any and all manner of claims, causes of action, crossclaims, and shall include Unknown Claims, causes of action, crossclaims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether foreign or domestic, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which any Class Plaintiffs or Settlement Class Members ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Parties concerning, relating to, or arising out of (i) the conduct alleged in the Action, conduct that could have been alleged in the Action, or conduct arising from the same factual predicate of the Action; or (ii) any Platinum or Palladium Investment Transaction from January 1, 2008 to November 30, 2014.

(e)    For the sake of clarity, Released Claims do not include claims based on Platinum or Palladium Investment Transactions by Settlement Class Members where such claims involve all of the following three circumstances: (i) the Settlement Class Members were not domiciled or located in the United States or its territories at the time of the relevant Platinum or Palladium Investment Transactions, (ii) their Platinum or Palladium Investment Transactions were not in, or part of, United States commerce, and (iii) any claims based on such Platinum or Palladium

14

Investments are subject only to foreign law.

(f)      The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, Class Plaintiffs and the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs and the Releasing Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

(g)      Subject to Court approval, Defendants agree that this Agreement shall be in full and final disposition of any and all of Defendants' Claims against Class Plaintiffs and Co-Lead Counsel. Defendants shall release and shall be deemed to have released all Defendants' Claims against Class Plaintiffs and Co-Lead Counsel.  In connection therewith, upon the Effective Date of Settlement, Defendants: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Defendants' Claims against Class Plaintiffs and Co-Lead Counsel, regardless of whether Class Plaintiffs execute and deliver a proof of claim; and (ii) agree and covenant not to sue any of the Class Plaintiffs and Co-Lead Counsel with respect to any Defendants' Claims or to assist any Person in commencing or maintaining any suit against Class Plaintiffs and Co-Lead Counsel related in any way to any

Defendants' Claims.  Defendants may hereafter discover facts other than or different from those which it now knows  or believes to be true with respect to the subject matter of Defendants' Claims. Nevertheless, Defendants shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released any and all Defendants' Claims, without regard to the subsequent discovery or existence of such different or additional facts.  Defendants acknowledge, and shall be deemed to have acknowledged, that the inclusion of this provision was separately bargained for and was a key element of the Agreement.

## 5.    THE SETTLEMENT FUND

(a)    Defendants shall pay or cause to be paid the Settlement Amount by wire transfer to the Escrow Agent within twenty-one (21) days of (i) the date on which the Court enters the Preliminary Approval Order, or (ii) the date on which Co-Lead Counsel provides each Defendant with all information necessary to complete the wire transfer, whichever is later.

(b)    Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Action, and as such, neither the Agreement, nor any of its terms or provisions, nor any of the negotiations, term sheets, or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Other than payment of the Settlement Amount in accordance with the provisions of Paragraph 5(a) above, neither Defendants nor any of the Released Parties shall have any liability,  responsibility, or obligation to pay or reimburse any other amounts to any Person, including but not limited to Class Plaintiffs, Co-Lead Counsel, any Settlement Class Members, or any Releasing Parties in connection with, relating to, or arising out of the Action, the Released Claims, or this

16

Settlement. E a c h  Defendant shall have no liability, obligation or responsibility whatsoever for making a payment into the Settlement Fund for any other Defendants, including in the event any other Defendants fail to pay or cause to be paid any portion of the Settlement Amount pursuant to Paragraph 5(a) above.  Defendants shall have no liability, obligation, or responsibility with respect to the investment, allocation, use, disbursement, administration, or oversight of the Settlement Fund.

(c)      These wire-transferred funds, together with any interest earned thereon in the escrow account at The Huntington National Bank from the date of such wire transfer, shall constitute the Settlement Fund.  The Settlement Fund shall be established as an escrow account at The Huntington National Bank and administered by the Escrow Agent, subject to approval by the Court.

(d)      The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control.  With the sole exception of notice and administration costs described in Paragraph 8, and Taxes as described in Paragraph 9, no monies shall be disbursed from the Settlement Fund prior to the Effective Date and without the specific authorization of the Court, except in the event of termination of this Agreement and return of the Settlement Fund to Defendants pursuant to Paragraph 10 below.

(e)      The Settlement Fund shall be invested by the Escrow Agent in short term (up to one year maturity) United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereof, and the proceeds of these instruments shall be reinvested in similar instruments at their then-current market rates as they mature.  In the event that the yield on securities identified herein is negative, in lieu of purchasing such

securities, all or any portion of the Settlement Fund held may be deposited in a non-interest-bearing account that is fully insured by the Federal Deposit Insurance Corporation.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this Paragraph shall be borne by the Settlement Fund.

(f)    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either returned to Defendants pursuant to Paragraph 10 of this Agreement or distributed subsequent to the Effective Date pursuant to a plan of distribution approved by the Court or pursuant to other orders of the Court.

## 6.    PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING

(a)    Co-Lead Counsel shall submit this Agreement to the Court and shall apply for entry of the Preliminary Approval Order in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the Settlement set forth in this Agreement.  The eventual Notice, to also be approved by the Court prior to distribution, will set forth a summary of the terms of the Agreement (including a description of the Released Claims), the proposed plan of distribution and Co-Lead Counsel's request for attorneys' fees, costs, and expenses; the date and time of the Fairness Hearing; the right to object to the Settlement, proposed plan of distribution, or request for fees and expenses; the right to appear at the Fairness Hearing; and the right to request exclusion from the Settlement Class.

(b)    It shall be the Claims Administrator's responsibility, under supervision of Co-Lead Counsel, to disseminate the Notice in accordance with this Agreement and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Parties, counsel for the Released Parties, Plaintiffs, and Co-Lead Counsel with respect to any claims they may

18

have that arise from any failure of the notice process.

(c)    Co-Lead Counsel shall request that after notice is given to the Settlement Class, the Court hold a hearing (the "Fairness Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Fairness Hearing, Co-Lead Counsel also shall request that the Court approve the proposed plan of distribution and the Fee and Expense Application.

(d)    If, prior to the Fairness Hearing, one or more members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class, such persons shall be excluded from the Settlement Class with respect to all Defendants.

## 7.    FEE AND EXPENSE APPLICATION

(a)    Co-Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award of attorneys' fees and expenses and service awards to Class Plaintiffs pertaining to this Settlement or pertaining to the Action more generally.  Neither Defendants nor the Released Parties shall have any responsibility for, or liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Counsel, or any service awards to Class Plaintiffs, which Co-Lead Counsel and Class Plaintiffs shall seek to have paid only from the Settlement Fund and as approved by the Court.

(b)    Any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the Settlement as to Defendants, or affect the finality or binding nature of any of the releases granted hereunder.

(c)    Defendants shall have no objection to the payment of, or timing for payment of, any reasonable attorneys' fees and expenses awarded to Co-Lead Counsel for class payments

19

from the Settlement Fund, or any service awards, should such payments be approved by the Court. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon being awarded by order of the Court, notwithstanding the existence of any timely-filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, including on the award of attorneys' fees and costs, subject to Co-Lead Counsel's and their individual partners' joint and several obligation to make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the same net rate as is earned by the Settlement Fund within twenty (20) business days from receiving notice from Defendants' counsel or from a court of competent jurisdiction that, as a result of any appeal or further proceedings on remand, or successful collateral attack, the fee or award of costs and expenses is reduced or reversed, or in the event the Settlement does not become final or is rescinded or otherwise fails to become effective.

## 8. NOTICE AND ADMINISTRATIVE COSTS AND ADMINISTRATION OF THE SETTLEMENT

(a)    The Escrow Agent shall be entitled to make the following disbursements from the Settlement Fund for purposes of paying costs (other than attorneys' fees) incurred in preparing and providing the Settlement Class Notice and paying other administrative expenses, including notice and administration expenses of and incurred by the Claims Administrator: (i) up to $350,000 prior to the entry of the Final Judgment and Order of Dismissal, unless Court approval is obtained to exceed that amount; and (ii) up to an additional $200,000 after entry of the Final Judgment and Order of Dismissal but prior to the Effective Date, unless Court approval is obtained to exceed that amount. Funds expended pursuant to this Paragraph are not recoverable if this Settlement is terminated or does not become final.

(b)    It is anticipated and understood that Co-Lead Counsel and Class Plaintiffs will

20

eventually seek to establish a claims process pertaining to this Settlement or pertaining to the Action more generally, subject to approval by the Court, pursuant to which Settlement Class Members will seek to be included in distributions of funds recovered on their behalf in the Action.  Any such claims process shall include required submission of a proof of claim form by each Settlement Class Member, which proof of claim form shall include, *inter alia,* an acknowledgement of an agreement to the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized person.  Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

(c)     To the extent reasonably necessary to facilitate the provision of notice to Settlement Class Members and the administration of the Settlement, Defendants will use reasonable best efforts to supply Co-Lead Counsel with reasonably-accessible information concerning the names and last-known address information of Settlement Class Members in its possession, custody or control, to the extent that information is not privileged, and the retrieval and disclosure of which is permitted by applicable domestic and foreign law.  In the alternative to providing contact information for Settlement Class Members, to the extent any Defendant determines that it is reasonably required to do so due to foreign privacy laws or other restrictions, that Defendant may arrange for Settlement Class Members to be noticed through mutually acceptable alternative means, such as through the retention of an alternative notice provider. If the Court so approves, reasonable expenses incurred by such an alternative notice provider shall be paid out of the Settlement Fund. Defendants shall otherwise bear their own

21

costs in providing notice by such alternative means.

(d)     Neither Defendants nor the Released Parties shall have any role in, or responsibility or liability to any person for, the solicitation, review, or evaluation of proofs of claim by Class Plaintiffs, Co-Lead Counsel, or their designated representatives or agents.

(e)     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     All proceedings with respect to the administration, processing, and determination of claims and proof of claims by Settlement Class Members and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

(g)     Defendants and the Released Parties shall have no liability, obligation, or responsibility for reviewing or challenging claims, or administrating, settling, or disbursing claim distributions from the Settlement Fund.

(h)     Other than in the event of the termination of the Settlement pursuant to Paragraph 10(a)-(c), Defendants shall not have a reversionary interest in the Settlement Fund. If there is any balance remaining in the Settlement Fund after a reasonable period of time after the initial date of distribution of the Settlement Fund, the Claims Administrator shall, if feasible, allocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the remaining balance in the Settlement

Fund is *de minimis*, and any such remaining balance shall be donated to an appropriate 501(c)(3) non-profit organization selected by Co-Lead Counsel and approved by the Court.

9.    **TAXES**

(a)    The Parties agree that the Settlement Fund is intended to be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for Taxes (as defined below), and less any funds expended for Settlement Class Notice and claims administration pursuant to Paragraph 8, plus any accrued interest thereon, shall be returned to Defendants, as provided in Paragraph 10, if the Settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraphs 10(a)-(c).

(b)    The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraph 9 of this Agreement including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permissible date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

(c)    For the purpose of Section 1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all income, informational, and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 9 and in all events shall reflect that all

Taxes, as defined herein, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(d)    All:  (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); (ii) other taxes imposed on or in connection with the Settlement Fund (collectively, "Taxes"); and (iii) expenses and costs incurred in connection with the operation and implementation of Paragraph 9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(1)(2)). The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

(e)    Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any plan of distribution; (iii) the

determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**10.    TERMINATION OF SETTLEMENT**

(a)    Co-Lead Counsel, acting on behalf of Class Plaintiffs and the Settlement Class Members, and Defendants shall have the right to terminate this Settlement in each of their separate discretions by providing written notice to the other of an election to do so ("Termination Notice") within thirty (30) days following any of the following events:  (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Agreement or any material part of it; or (iii) the Court, a court of appeal or any higher court enters an order declining to enter, reversing, vacating, materially modifying or dismissing, in whole or in part and in any material respect, the Final Judgment and Order of Dismissal.  Defendants must exercise a Termination Notice by unanimous consent among themselves, unless otherwise agreed by Plaintiffs.

(b)    Simultaneously herewith, Plaintiffs, by and through Co-Lead Counsel, and Defendants are executing a "Supplemental Agreement" setting forth certain conditions under which this Settlement may be withdrawn or terminated at the sole discretion of Defendants if potential class members who meet certain criteria exclude themselves from the Settlement Class. The Supplemental Agreement shall not be filed with the Court except that the substantive contents of the Supplemental Agreement may be brought to the attention of the Court, in camera, if so requested by the Court or as otherwise ordered by the Court. The Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement.

25

(c)      Except as otherwise provided herein, in the event the Settlement is terminated in accordance with this Agreement or in accordance with the Supplemental Agreement, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, any certification of the Settlement Class shall be deemed to be vacated automatically, and the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered, provided, however, that in the event of termination of this Settlement, Paragraphs 3(b), 8(g), 9, and 10(b) shall nonetheless survive and continue to be of effect and have binding force.

## 11.    RESERVATION OF CERTAIN RIGHTS OF CLASS MEMBERS

All rights of any Settlement Class Member against any person or entity other than Defendants and the other Released Parties are specifically reserved by Class Plaintiffs and the Settlement Class Members.

## 12.    GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement the terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the terms of this Agreement.

Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) days after this Agreement is filed with the Court, Defendants, at their own cost, shall serve notice of the proposed Settlement upon those who are entitled to such notice pursuant to CAFA. Defendants shall file a notice with the Court stating the completion of such notice.

## 13.    MISCELLANEOUS

(a)      All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

26

(b)     The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

(c)     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)     The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering all orders relating to matters addressed in this Agreement and enforcing the terms of this Agreement.

(e)     For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)     This Agreement shall constitute the entire, complete, and integrated agreement between the Parties pertaining to the settlement of the Action against Defendants and supersedes any and all prior negotiations and agreements and is not subject to any condition not explicitly provided for in this Agreement itself.  All of the Exhibits to this Agreement are explicitly provided for in this Agreement itself, material and integral parts of it and are incorporated by reference as if fully set forth herein.  All terms of this Agreement are contractual and not mere recitals.  In entering into and executing this Agreement, each of the Parties respectively warrants that it is acting upon its respective independent judgments and upon the advice of its respective counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other person, other than the warranties and representations expressly made in this Agreement.  The terms of this Agreement

27

are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

(g)    The terms of this Agreement are not severable but are interdependent and have been agreed to only as a whole by the Parties.

(h)    This Agreement may be modified or amended only by a writing executed by Co-Lead Counsel, on behalf of Class Plaintiffs and the Settlement Class Members, and Defendants' Counsel, on behalf of Defendants.

(i)    All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(j)    The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.  If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

(k)    Each of the Released Parties is intended to be and is a third-party beneficiary of this Agreement and is authorized to enforce the provisions of this Agreement, including without limitation the release of Released Claims against the Released Parties and covenant not to sue the Released Parties, and such other provisions of this Agreement as are applicable to each Released Party.

(l)    Defendants, Class Plaintiffs, and Co-Lead Counsel hereby irrevocably submit to

28

the exclusive jurisdiction of the Court, for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding or dispute relating to the release provisions herein.

(m)    It is anticipated that Co-Lead Counsel and Class Plaintiffs will eventually submit to the Court a plan of distribution with respect to any funds recovered by them, through settlements or judgments, on behalf of the Settlement Class members, including distribution of the Settlement Fund at some time following the Effective Date.  A plan of distribution is not a term of this Agreement, and it is not a condition of this Agreement that any particular plan of distribution be approved.  Any plan of distribution is a matter separate and apart from the Settlement between the Parties and any decision by the Court concerning a plan of distribution shall not affect the validity or finality of the proposed Settlement.  Defendants shall have no responsibility, obligations, or liabilities whatsoever with respect to any plan of distribution or implementation thereof, or with respect to any other administration or distribution of the Settlement Fund.

(n)    This Agreement may be executed in counterparts by or on behalf of the Parties, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing and enforcing this Agreement.

(o)    Each of the Class Plaintiffs and Defendants acknowledge that they have been represented by respective counsel of their own choosing and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so.

(p)    Any notice or materials to be provided to the Class Plaintiffs or Co-Lead Counsel pursuant to or relating to this Agreement shall be sent to Gregory Asciolla and Michael

Dell'Angelo, at the addresses listed below, and any notice or materials to be provided to Defendants pursuant to or relating to this Agreement shall be sent to each of the undersigned counsel for Defendants, at the respective addresses listed below.

(q)     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval, and the undersigned Co-Lead Counsel represent that they are authorized to execute this Agreement on behalf of Class Plaintiffs and, subject to Court approval, enter into this Agreement on behalf of the Settlement Class.

(r)     Defendants will take no adverse position with respect to certification of the Settlement Class, but reserve the right to contest certification of a litigation class, to defend all claims in the Action, and to assert any claims, rights and defenses in the Action if the Settlement Agreement is denied final Court approval, if the Settlement Class is not certified, if this Action is finally resolved in its entirety, or if the Settlement Agreement is terminated under Paragraph 10.

(s)     Neither this Agreement nor the Settlement contained herein, nor any negotiations, discussions, proceedings, or acts performed or documents executed pursuant to or in furtherance of this Agreement: (i) are or may be deemed to be or may be used as admissions of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (ii) are or may be deemed to be or may be used as admissions of, or evidence of, any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Parties agree to not make any public statements that assert or imply otherwise.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized

30

representatives, have agreed to this Agreement as of the date first herein written above.

*On behalf of Class Plaintiffs and the Settlement Class:*

Gregory Asciolla
**DICELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel: (646)-933-1000
Email: gasciolla@dicellolevitt.com


Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600 Philadelphia, PA 19103
Tel: (215)-875-3080
Email: mdellangelo@bm.net

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

*On behalf of Class Plaintiffs and the Settlement Class:*

_____
Gregory Asciolla
**DICELLO LEVITT LLP**
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel: (646)-933-1000
Email: gasciolla@dicellolevitt.com

Michael Dell'Angelo
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600 Philadelphia, PA 19103
Tel: (215)-875-3080
Email: mdellangelo@bm.net

*Counsel for Plaintiffs and Interim Co-Lead Counsel*

*On behalf of Defendants:*

Richard C. Pepperman II
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: 212-558-4000
peppermanr@sullcrom.com

*Counsel for Defendant*
*Goldman Sachs International*

John J. Hamill
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312-368-7036
john.hamill@dlapiper.com

*Counsel for Defendant*
*BASF Metals Ltd.*

Damien Marshall
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-790-5357
dmarshall@kslaw.com

*Counsel for Defendant*
*HSBC Bank USA, N.A.*

Robert G. Houck
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: 212-878-3224
robert.houck@cliffordchance.com

*Counsel for Defendant*
*ICBC Standard Bank Plc*

*On behalf of Defendants:*

_____
Richard C. Pepperman II
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: 212-558-4000
peppermanr@sullcrom.com

*Counsel for Defendant*
*Goldman Sachs International*

_____
John J. Hamill
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312-368-7036
john.hamill@dlapiper.com

*Counsel for Defendant*
*BASF Metals Ltd.*

_____
Damien Marshall
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-790-5357
dmarshall@kslaw.com

*Counsel for Defendant*
*HSBC Bank USA, N.A.*

_____
Robert G. Houck
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: 212-878-3224
robert.houck@cliffordchance.com

*Counsel for Defendant*
*ICBC Standard Bank Plc*

*On behalf of Defendants:*

_____
Richard C. Pepperman II
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: 212-558-4000
peppermanr@sullcrom.com

*Counsel for Defendant*
*Goldman Sachs International*

_____
Damien Marshall
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-790-5357
dmarshall@kslaw.com

*Counsel for Defendant*
*HSBC Bank USA, N.A.*

_____
John J. Hamill
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312-368-7036
john.hamill@dlapiper.com

*Counsel for Defendant*
*BASF Metals Ltd.*

_____
Robert G. Houck
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: 212-878-3224
robert.houck@cliffordchance.com

*Counsel for Defendant*
*ICBC Standard Bank Plc*

*On behalf of Defendants:*

Richard C. Pepperman II
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel: 212-558-4000
peppermanr@sullcrom.com

*Counsel for Defendant*
*Goldman Sachs International*

John J. Hamill
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606
Tel: 312-368-7036
john.hamill@dlapiper.com

*Counsel for Defendant*
*BASF Metals Ltd.*

Damien Marshall
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-790-5357
dmarshall@kslaw.com

*Counsel for Defendant*
*HSBC Bank USA, N.A.*

Robert G. Houck
**CLIFFORD CHANCE US LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: 212-878-3224
robert.houck@cliffordchance.com

*Counsel for Defendant*
*ICBC Standard Bank Plc*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION | Civil Action No. 14-cv-9391 (GHW) (VF) |

**[PROPOSED] ORDER PRELIMINARILY**
**APPROVING THE SETTLEMENT AGREEMENT,**
**CERTIFYING THE SETTLEMENT CLASS, AND APPOINTING CLASS**
**COUNSEL AND CLASS REPRESENTATIVES FOR THE SETTLEMENT CLASS**

WHEREAS, the Action[1] is pending before this Court;

WHEREAS, Class Plaintiffs[2] have entered into and executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") with BASF Metals Limited, Goldman Sachs International, HSBC Bank USA N.A., and ICBC Standard Bank Plc (the "Defendants" and, together with Class Plaintiffs, the "Parties"), which if finally approved by the Court, will result in the settlement of all claims against the Defendants;

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Defendants have agreed to pay twenty million dollars ($20,000,000.00) (the "Settlement Amount");

WHEREAS, Class Plaintiffs, having made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the settlement of the Action against the Defendants and for dismissal of the Action against the Defendants with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, Class Plaintiffs have sought, and Defendants have agreed not to object to, the certification of the Settlement Class (as defined below) solely for settlement purposes;

WHEREAS, Class Plaintiffs have requested that Co-Lead Counsel be appointed as settlement class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure;

WHEREAS, Class Plaintiffs have requested that they be appointed class

---

[1] As defined in the Settlement Agreement, the "Action" means the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

[2] As defined in the Settlement Agreement, "Class Plaintiffs" means Larry Hollin and White Oak Fund LP.

1

representatives of the Settlement Class;

WHEREAS, the Parties have agreed to the entry of this Order Preliminarily Approving the BASF Metals Limited, Goldman Sachs International, HSBC Bank USA N.A., and ICBC Standard Bank Plc Settlement Agreement, Certifying the Settlement Class, and Appointing Class Counsel and Class Representatives for the Settlement Class (the "Order"); and

WHEREAS the Court has considered the Settlement Agreement and other documents submitted in connection with Class Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

## I.      PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

2.      Pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, based on the showing that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure and certify the class for purposes of judgment on the proposed Settlement, the Court hereby preliminarily approves the Settlement Agreement, subject to further consideration at the Fairness Hearing described below. The Court preliminarily finds that the Settlement encompassed by the Settlement Agreement satisfies the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure and due process so that an appropriate notice of the Settlement Agreement should be given, subject to the Court's approval of a notice plan as provided in this Order.

## II.    PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

preliminarily certifies, solely for settlement purposes, a Settlement Class defined as

follows:

> All persons or entities who during the period from January 1, 2008 through
> November 30, 2014 either (i) sold platinum or palladium futures contracts in
> transactions conducted in whole or in part on NYMEX; (ii) sold platinum or
> palladium call options in transactions conducted in whole or in part on NYMEX;
> or (iii) bought platinum or palladium put options in transactions conducted in whole
> or in part on NYMEX.

> Excluded from the Class are Defendants and their employees, affiliates, parents,
> subsidiaries, and alleged co-conspirators, whether or not named in this Complaint,
> and the U.S. government; provided, however, that Investment Vehicles shall not be
> excluded from the definition of "Settlement Class." Also excluded is the Judge
> presiding over this action, his or her law clerks, spouse, and any person within the
> third degree of relationship living in the Judge's household and the spouse of such
> a person.

4.    Solely for purposes of the Settlement, the Court preliminarily finds that the

requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been

satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of

all members of the Settlement Class is impracticable; (b) questions of law and fact common

to the Settlement Class predominate over any individual questions; (c) the claims of Class

Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead

Counsel have fairly and adequately represented and protected the interests of the Settlement

Class; and (e) a class action is superior to other available methods for the fair and efficient

adjudication of the controversy, considering (i) the interests of members of the Settlement

Class in individually controlling the prosecution of separate actions; (ii) the extent and

nature of any litigation concerning the controversy already begun by members of the

Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of

these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur because of the failure of a condition that affects the Settlement Agreement, this conditional certification of the Settlement Class shall be deemed null and void as to the Parties without the need for further action by the Court or the Parties.  In such circumstances, the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure, or under any other state or federal rule, statute, law, or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## III.    CLASS COUNSEL, CLASS REPRESENTATIVES, CLAIMS ADMINISTRATOR, AND ESCROW AGENT

6.      The law firms of DiCello Levitt LLP and Berger Montague PC are preliminarily appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7.      Class Plaintiffs are preliminarily appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.      The Court approves Class Plaintiffs' designation of A.B. Data, Ltd. as the Claims Administrator.  Absent further order of the Court, the Claims Administrator shall have such duties and responsibilities as are set forth in the Settlement Agreement.

9.      The Court approves Class Plaintiffs' designation of The Huntington National Bank as Escrow Agent.  Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth in the Settlement Agreement.

IV.    **NOTICE, PLAN OF ALLOCATION, FAIRNESS HEARING, AND SCHEDULE OF FURTHER EVENTS**

10.    Class Plaintiffs submitted for the Court's approval a proposed notice plan for purposes of advising members of the Settlement Class, among other things, of their right to object to the Settlement Agreement, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing to be scheduled by the Court, and their right to appear at the Fairness Hearing.

11.    Class Plaintiffs submitted for the Court's approval a proposed plan of allocation of the Settlement Amount (and including all interest and income earned thereon after being transferred to the Escrow Agent, as defined in the Settlement Agreement).

12.    The Court adopts the below schedule of events.

| EVENT | DATE |
|---|---|
| Last day to commence mailing of notice to potential members of the Settlement Class, to update Settlement website, and to commence publication and digital/social media campaign (the "Notice Date") | 7 days after entry of the Preliminary Approval Order |
| Complete initial distribution of mailed notice | 30 days after Notice Date |
| Deadline to file papers in support of (i) final approval of Settlement Agreement, (ii) final approval of plan of allocation, and (iii) an application for fees, expenses, and incentive awards | 45 days prior to the Fairness Hearing |
| Deadline for substantial completion of all mailed notice | 30 days prior to the Fairness Hearing |
| Deadline for requesting exclusion and submitting objections | 14 days prior to the Fairness Hearing |
| Deadline for filing reply papers | 5 days prior to Fairness Hearing |
| Fairness Hearing | A date to be determined by the Court at least 120 days after the Notice Date |
| Deadline for submitting Claim Forms | 30 days after Fairness Hearing |

13.     The Court approves the notice plan including, in form and substance, the direct mailed notice, the print media publication notice, digital and social media notice, and the website as described in the Declaration of Elaine Pang dated August 21, 2024 and the Exhibits attached thereto. The notice plan specified herein: (i) is the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise Class Members of the pendency and status of this Action and of their right to participate in, object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

14.     Within seven (7) days after entry of this Order (the Notice Date), the Claims Administrator shall cause copies of the direct mailed notice, in the form (without material variation) of Exhibit D to the Declaration of Elaine Pang to begin being mailed by United States first class mail, postage prepaid, as described in the proposed notice plan. The foregoing mailings shall be completed no later than thirty (30) days after the Notice Date.

15.     Within seven (7) days after entry of this Order (the Notice Date), the Claims Administrator shall cause to be published the print media publication notice, in the form (without material variation) of Exhibit E to the Declaration of Elaine Pang, as described in the proposed notice plan.

16.     Within seven (7) days after entry of this Order (the Notice Date), the Claims Administrator shall cause the digital and social media campaign to begin, as described in the proposed notice plan.

17.     The Claims Administrator shall maintain a settlement website, beginning on

the Notice Date and remaining until the termination of the administration of the Settlement.

The website shall include copies of the Settlement Agreement (including exhibits, this Order,

the mailed and publication notices, the motion for preliminary approval and all exhibits

attached thereto, and the plan of allocation), and shall identify important deadlines and

provide answers to frequently asked questions. The website may be amended as appropriate

during the course of the administration of the Settlement.

18.    A hearing will be held on _____, 20__ [a date to be determined by

the Court at least 120 days after the Notice Date] at _____ [a.m./p.m.] in Courtroom 12C of

this Courthouse before the undersigned to consider the fairness, reasonableness, and

adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of

the Fairness Hearing shall be set forth in the Settlement Class Notice, which is ordered

herein, but shall be subject to adjournment or change by the Court without further notice to

the Settlement Class Members, other than that which may be posted at the Court or on the

settlement website.

19.    At or after the Fairness Hearing, the Court shall determine whether the

Settlement Agreement, the proposed plan of allocation, any application for service awards,

and any application for attorneys' fees and expenses for Co-Lead Counsel should be finally

approved.

20.    At least thirty (30) days prior to the Fairness Hearing, the Claims

Administrator shall serve and file a sworn statement attesting to compliance with the notice

plan.

21.    Co-Lead Counsel shall file their motions for (i) final approval of the

Settlement Agreement, (ii) final approval of the plan of allocation, and (iii) for payment of

attorneys' fees, reimbursement of expenses, and payment of incentive awards at least forty-five (45) days prior the Fairness Hearing; and reply papers, if any, shall be filed no later than five (5) days prior to the Fairness Hearing.

22.    All requests for exclusion and objections shall be submitted no later than 14 days prior to the Fairness Hearing as described in the direct mail notices.

23.    All claims shall be submitted no later than thirty (30) days after the Fairness Hearing as described in the direct mail notices.

**V. OTHER PROVISIONS**

24.    The notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met.

25.    The Court approves the establishment of an escrow account under the Settlement Agreement as Qualified Settlement Funds ("QSFs") pursuant to Internal Revenue Code § 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formulation or administration of the QSFs.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

26.    All reasonable expenses incurred in identifying and notifying potential Settlement Class Members as well as administering the Settlement Amount shall be paid, as set forth herein and in Paragraph 8(a) of the Settlement Agreement.  In the event the Court does not approve the Settlement Agreement or if the Settlement Agreement otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation

to repay any amounts incurred or disbursed pursuant to Paragraph 8(a) of the Settlement Agreement.

27.    In the event that the Settlement Agreement is terminated, is vacated, is not approved, or the Effective Date fails to occur for any reason, then the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, such parties shall proceed in all respects as if such Settlement Agreement and any related orders had not been entered, and such Settlement Agreement (including any amendment(s) thereto) and this Order shall be null and void, of no further force or effect, and without prejudice to any such Parties, and may not be introduced as evidence or referred to in any actions or proceedings by any Person; provided, however, that in the event of termination of the Settlement Agreement, Paragraphs 3(b), 8(g), 9, and 10(b) of such Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.  Within fifteen (15) days following any notice of termination being delivered to the Escrow Agent, the Settlement Fund shall be returned in its entirety to Defendants (including any accrued interest thereon), less any Taxes due and expenditures made of notice and administrative costs pursuant to Paragraph 8 of the Settlement Agreement, if any.  At the request of Defendants' Counsel, the Escrow Agent shall apply for any tax refund owed on the Settlement Fund and pay the proceeds to Defendants.

28.    The Defendants have denied and continue to deny each and all of the claims and allegations of wrongdoing made by Class Plaintiffs in the Action and all claims and allegations of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  As such, nothing in the Settlement Agreement constitutes an admission by the Defendants as to the merits of

the allegations made in the Action, the validity of any defenses that could be or have been asserted, or the appropriateness of certification of any class other than the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure for purposes of settlement only.

29.     All proceedings in the Action with respect to the Defendants are stayed until further order of the Court.  Such stay does not apply, however, to the extent actions are necessary to implement the terms of the Settlement Agreement or comply with their terms.

30.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement set forth in the Settlement Agreement, whether favorable or unfavorable to the Settlement Class.

31.     Any member of the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. Any member of the Settlement Class who does not enter an appearance will be represented by Co-Lead Counsel.

IT IS SO ORDERED.

DATED:_____                    _____
                                                                      HON. GREGORY H. WOODS
                                                                      UNITED STATES DISTRICT JUDGE

10

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE PLATINUM AND PALLADIUM
ANTITRUST LITIGATION

Civil Action No. 14-cv-9391 (GHW) (VF)

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

This matter came before the Court for hearing pursuant to Class Plaintiffs' application for final approval of the settlement set forth in the Stipulation and Agreement of Settlement with Defendants BASF Metals Limited, ICBC Standard Bank Plc, Goldman Sachs International, and HSBC Bank USA N.A., dated August 21, 2024 (the "Settlement Agreement"). The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment and Order of Dismissal incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4. Based on the record before the Court, including the Preliminary Approval Order, the submissions in support of the Settlement between Class Plaintiffs,[3] for themselves individually and on behalf of each Settlement Class Member in the Action, and BASF Metals Limited, ICBC Standard Bank Plc, Goldman Sachs International, and HSBC Bank USA N.A. (the "Defendants" and together with Class Plaintiffs, the "Parties"), and any objections and responses thereto, pursuant Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure the Court hereby certifies solely for settlement purposes the following Settlement Class:

> All persons or entities who during the period from January 1, 2008 through November 30, 2014 either (i) sold platinum or palladium futures contracts in transactions conducted in whole or in part on NYMEX; (ii) sold platinum or

---

[3] "Class Plaintiffs" means Larry Hollin and White Oak Fund LP.

palladium call options in transactions conducted in whole or in part on NYMEX; or (iii) bought platinum or palladium put options in transactions conducted in whole or in part on NYMEX.

Excluded from the Class are Defendants and their employees, affiliates, parents, subsidiaries, and alleged co-conspirators, whether or not named in this Complaint, and the U.S. government; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class." Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

5.     The requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class in the Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6.     The law firms of DiCello Levitt LLP and Berger Montague PC are appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7.     Class Plaintiffs Larry Hollin and White Oak Fund LP are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court

grants final approval of the Settlement set forth in the Settlement Agreement on the basis that

the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement

Class Members, and is in compliance with all applicable requirements of the Federal Rules of

Civil Procedure.  In reaching this conclusion, the Court considered the factors set forth in *City

of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by

Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000).  Moreover, the Court

concludes that:

> a.      The Settlement set forth in the Settlement Agreement was fairly and
honestly negotiated by counsel with significant experience litigating antitrust class actions
and other complex litigation and is the result of vigorous arm's-length negotiations
undertaken in good faith;

> b.      This Action is likely to involve contested and serious questions of law
and fact, such that the value of an immediate monetary recovery outweighs the mere possibility
of future relief after protracted and expensive litigation;

> c.      Success in complex cases such as this one is inherently uncertain,
and there is no guarantee that continued litigation would yield a superior result; and

> d.      The Settlement Class Members' reaction to the Settlement set forth in
the Settlement Agreement is entitled to great weight.

9.      Except as to any individual claim of those Persons (identified in Exhibit 1

hereto) who have validly and timely requested exclusion from the Settlement Class

("Opt-Outs"), the Action and all claims contained therein, as well as all of the Released

Claims, against Defendants by the Class Plaintiffs and Releasing Parties are dismissed with

prejudice.  The Parties are to bear their own costs, except as otherwise provided in the

Settlement Agreement and the orders of this Court.

10.     The Opt-Outs identified in Exhibit 1 hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement being jointly administered with this Settlement Agreement from which members of Settlement Class are entitled to recover.

11.     Upon the Effective Date: (i) Class Plaintiffs, each of the Settlement Class Members, and all Releasing Parties shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged against Defendants, and the Released Parties (whether or not such Class Plaintiff, Settlement Class Member, or Releasing Party executes and delivers a proof of claim and release form) any and all Released Claims (including, without limitation, Unknown Claims); and (ii) Class Plaintiffs, each of the Settlement Class Members, and all Releasing Parties, and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against Defendants, or any Released Party in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  This Final Judgment and Order of Dismissal shall not affect in any way the right of Class Plaintiffs or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims.  Claims to enforce the terms of the Settlement Agreement are not released.

12.     Upon the Effective Date, Defendants: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever

4

released, relinquished, and discharged Class Plaintiffs, each and all of the Settlement Class Members, and Class Plaintiffs' Counsel from any and all Defendants' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of Defendants' Claims against Class Plaintiffs and Co-Lead Counsel in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind. This Final Judgment and Order of Dismissal shall not affect in any way the right of Defendants to pursue claims, if any, outside the scope of the Released Claims. Claims to enforce the terms of the Settlement Agreement are not released.

13. The mailing and distribution of the notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

14. The plan of allocation submitted by Class Plaintiffs is approved as fair, reasonable, and adequate.

15. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement may be filed in an action to

enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. Defendants may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.    Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement, Paragraphs 3(b), 8(g), and 10 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

18.      The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19.      There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.


IT IS SO ORDERED.


DATED:_____      _____
                                     HON. GREGORY H. WOODS
                                     UNITED STATES DISTRICT