USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/16/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION | Case No. 1:14-cv-9391 (GHW) (VF) |

## ORDER FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

WHEREAS, plaintiffs Larry Hollin and White Oak Fund LP ("Plaintiffs"), on behalf of themselves and the other members of the Settlement Class have entered into a settlement as set forth in the Stipulation and Agreement of Settlement with BASF Metals Limited, Goldman Sachs International, HSBC Banks USA, N.A., and ICBC Standard Bank Plc.;

WHEREAS, the foregoing stipulation is referred to as the "Settlement Agreement," and the foregoing defendants are collectively referred to as the "Defendants";

WHEREAS, unless otherwise defined in this Order Awarding Attorneys' Fees, Litigation Expenses, and Service Awards, the capitalized terms herein shall have the same meaning as they have in the Settlement Agreement;

WHEREAS, by Order dated August 24, 2024 (ECF No. 328), this Court: (i) preliminarily approved the Settlement Agreement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, on December 2, 2024, Co-Lead Counsel moved for an "Award of Attorneys' Fees, Litigation Expenses, and Service Awards";

WHEREAS, the Court conducted a hearing on January 14, 2025 (the "Settlement Hearing") to consider, among other things, whether an order awarding attorneys' fees, litigation expenses, and service awards should be entered;

WHEREAS, no Settlement Class Member objected to Co-Lead Counsel's Motion; and

WHEREAS, the Court having reviewed and considered Co-Lead Counsel's Motion, all papers filed, the proceedings held herein in connection with the Motion, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Notice** – Notice of Co-Lead Counsel's Motion was given to all members of the Settlement Class who or which could be identified with reasonable effort. The form and method of notifying the Settlement Class of the Motion satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto.

2. **Attorneys' Fees, Litigation Expenses, and Service Awards** – The Court hereby awards attorneys' fees totaling $6,666,666 (representing 33-1/3% of the Settlement Fund) and costs and expenses totaling $462,524.57, together with a proportionate share of the interest thereon from the date the funds were deposited in the Settlement Fund until payment of such attorneys' fees and litigation expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund in accordance with section 7 of the Settlement Agreement. The Court hereby

awards service awards totaling $15,000, or $7,500 for each of the two class representatives, to be paid solely from the Settlement Fund.

    3.    In awarding attorneys' fees, litigation expenses, and service awards the Court has considered and found that:

    a.    The Settlement Agreement has added $20,000,000 to the Settlement Fund in cash that Defendants have paid into an escrow account per the terms of the Settlement Agreement;

    b.    Numerous Settlement Class Members who or which submit valid claim forms will benefit from the settlements that occurred and Settlement Agreement reached because of the efforts of Co-Lead Counsel;

    c.    Copies of the Notice were mailed to members of the Settlement Class, stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed thirty three and one third percent (33-1/3%) of the Settlement Fund and payment of litigation expenses, and no Settlement Class Member objected;

    d.    Co-Lead Counsel have conducted the litigation and achieved the settlements with skill, perseverance, and diligent advocacy;

    e.    The Action raised a number of complex issues;

    f.    Had the Settlement Agreement not been reached, there would remain a significant risk that Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants;

      g.      Class counsel submitted approximately 9,363 hours from inception of the case through August 24, 2024 with a lodestar value of approximately $7,977,221.50, in support of the attorneys' fee application;

      h.      Counsel for Plaintiffs submitted litigation expenses from inception to August 24, 2024 totaling $462,524.57;

      i.      The Class Representatives have been actively engaged in litigation efforts;

      j.      The Class Representatives were never promised any additional compensation for their efforts leading the case;

      k.      Counsel for Plaintiffs submitted service award requests of $7,500 for each Class Representative, totaling $15,000;

      l.      The amount of attorneys' fees, litigation expenses, and service awards to be awarded from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action.

      4.      Co-Lead Counsel shall allocate and distribute such attorneys' fees and litigation expenses among the various other class counsel which have participated in this litigation. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and litigation expenses among class counsel, nor with respect to any allocation of attorneys' fees and litigation expenses to any other person or entity who may assert any claim thereto.

      5.      Following entry of an order by the Court granting final approval to the material terms of the Settlement (and even if such order is subject to appeal), the attorneys' fees and litigation expenses, as awarded by the Court, shall be paid to Co-Lead Counsel from the Settlement

Fund, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Co-Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Settlement Agreement or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become final. Each law firm that serves as counsel to Plaintiffs, as a condition of receiving such fees and litigation expenses, on behalf of itself and each partner, shareholder, or member of it, agrees that the law firm and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for purposes of enforcing the provisions of this paragraph. Co-Lead Counsel shall make the appropriate refund or repayment in full, including interest, no later than thirty (30) days after: (i) receiving from Defendants' Counsel notice of termination of the Settlement; or (ii) any order reducing or reversing the award of attorneys' fees and/or litigation expenses has become final.

6. The service awards to Plaintiffs shall be paid from the Settlement Fund no earlier than ten (10) calendar days following the Judgment becoming final.

7. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Plaintiffs, Defendants, and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

8. **<u>Separate Order</u>** – A separate order shall be entered regarding Final Approval and Judgment.

5

9. **Entry of Order** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 333.

SO ORDERED.

                                                  HON. GREGORY H. WOODS
                                                  United States District Judge

DATED: January 16, 2025