USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/17/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PLATINUM AND PALLADIUM ANTITRUST LITIGATION

Case No. 1:14-cv-9391 (GHW) (VF)

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, plaintiffs Larry Hollin and White Oak Fund LP ("Plaintiffs") on behalf of themselves and the other members of the Settlement Class have entered into a settlement as set forth in the Stipulation and Agreement of Settlement with BASF Metals Limited, Goldman Sachs International, HSBC Banks USA, N.A., and ICBC Standard Bank Plc.

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the "Settlement Agreement" (ECF No. 325-1), and the foregoing defendants are collectively referred to as the "Defendants";

WHEREAS, by Order dated August 24, 2024 (ECF No. 328) (the "Preliminary Approval Order"), this Court: (i) preliminarily approved the Settlement; (ii) ordered that notice of the proposed Settlement be provided to the Settlement Class; (iii) provided Settlement Class Members with the opportunity to object to the proposed Settlement; (v) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class; and (iv) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on January 14, 2025 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and

(ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **CAFA Notice** – The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

3. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (i) the Settlement Agreement filed with the Court on August 23, 2024 (ECF No. 325-1); and (ii) the Notice and the Summary Notice, both of which were filed with the Court on August 23, 2024 (ECF Nos. 326-4 and 326-5).

4. **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only the following Settlement Class:

> All persons or entities who during the period from January 1, 2008 through November 30, 2014 either (i) sold platinum or palladium futures contracts in transactions conducted in whole or in part on NYMEX; (ii) sold platinum or palladium call options in transactions conducted in whole or in part on NYMEX; or (iii) bought platinum or palladium put options in transactions conducted in whole or in part on NYMEX.
>
> Excluded from the Class are Defendants and their employees, affiliates, parents, subsidiaries, and alleged co-conspirators, whether or not named in this Complaint, and

the U.S. government; provided, however, that Investment Vehicles shall not be excluded from the definition of "Settlement Class." Also excluded is the Judge presiding over this action, his or her law clerks, spouse, and any person within the third degree of relationship living in the Judge's household and the spouse of such a person.

5. The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied for settlement purposes as follows:

    a. Pursuant to Rule 23(a)(1), the Court determines that the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

    b. Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Class.

    c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Settlement Class.

    d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Settlement Class. Plaintiffs are certified as class representatives of the Settlement Class.

    e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual Settlement Class Members.

    f. Pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

    g. Pursuant to Rule 23(g), Co-Lead Counsel are certified as class counsel for the Settlement Class.

6. The Court's certification of the Settlement Class, and certification of Plaintiffs as class representatives of the Settlement Class, as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest any other request by Plaintiffs to certify a class. The Court's findings in this Judgment shall have no effect on any ruling on any motion to certify any

class or appoint class representatives in this litigation, and no party may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

7. **Settlement Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the effect of the proposed Settlement (including the Releases to be provided thereunder), (b) Co-Lead Counsel's application for an award of attorneys' fees, litigation expenses, and service awards, (c) their right to object to any aspect of the Settlement, the Distribution Plan, and/or Co-Lead Counsel's application for an award of attorneys' fees, litigation expenses, and service awards, and (d) their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against the Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class after considering the factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974),

*abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and Rule 23(e)(2) of the Federal Rules of Civil Procedure.

9. Except as to any claim of those persons (identified in Exhibit A) who have timely requested exclusion from the Settlement Class ("Opt-Outs"), all of the claims asserted against the Defendants in the Action by Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

10. The Opt-Out identified in Exhibit A is excluded from the Settlement Class pursuant to its request is not bound by the Settlement Agreement, or this Final Judgment, and may not make any claim or receive any benefit from the Settlement Agreement, whether monetary or otherwise.

11. **Binding Effect** – The terms of the Settlement Agreement and of this Judgment shall be binding on the Defendants, the other Released Parties, Plaintiffs, and all other Releasing Parties (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, parents, subsidiaries, affiliates, trustees, successors, and assigns in their capacities as such.

12. **Releases** – The Releases set forth in section 4 of the Settlement Agreement, together with the definitions contained in section 2 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 13 of this Order, upon the Effective Date of the Settlement, Plaintiffs, the Releasing Parties, and each of the Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators,

predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every of the Released Claims[1] against the Defendants and the other Released Parties, and shall forever be enjoined from prosecuting any or all of the Released Claims against any of the Released Parties.

(b) Without further action by anyone, and subject to ¶ 13 of this Order, upon the Effective Date of the Settlement, the Defendants and each of the Released Parties shall be deemed to have, and by operation of law and of the judgment shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Defendants' Claim as against each and every one of the Releasing Parties, and shall forever be barred and enjoined from prosecuting any or all of the Defendants' Claims against any of the Releasing Parties.

(c) The Court declares that this Judgment and the Settlement Agreement, including the exhibits thereto, shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings against the Released Parties encompassed by the Released Claims that are maintained by or on behalf of any Releasing Parties. Moreover,

---

[1] "Released Claims" means any and all manner of claims, causes of action, crossclaims, and shall include Unknown Claims, causes of action, crossclaims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether foreign or domestic, whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which any Class Plaintiffs or Settlement Class Members ever had, now have, or hereafter can, shall or may have, representatively, derivatively, or in any other capacity, against the Released Parties concerning, relating to, or arising out of (i) the conduct alleged in the Action, conduct that could have been alleged in the Action, or conduct arising from the same factual predicate of the Action; or (ii) any Platinum or Palladium Investment Transaction from January 1, 2008 to November 30, 2014.

the Released Parties may file this Judgment, the Settlement Agreement, including the exhibits thereto, and the Distribution Plan in any action that may be brought against any of them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Although the foregoing release is not a general release, such release constitutes a waiver of Section 1542 of the California Civil Code and any similar statutes (to the extent they apply to the Action). Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

14. Notwithstanding ¶ 11(a)-(b) of this Order, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

15. **Contribution and Indemnification** – To the fullest extent permitted by law, the Court hereby bars claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by any of the following: (i) any other Defendant currently named in the Action; (ii) any other Defendant formerly named as a party in the Action; and (iii) any other Defendant subsequently added or joined as a party in the Action.

16. **No Admissions** – Neither this Judgment, the Settlement Agreement (whether or not consummated), including the exhibits thereto and the Distribution Plan (or any other plan of

allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith):

  (a) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted, in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

  (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the Complaint, First Amended Complaint, Second Amended Complaint, or Third Amended Complaint, and any amendments thereto would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; or

(c) shall be construed against any of the Released Parties or any of the Releasing Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; ***provided, however,*** that the Parties, the Releasing Parties, and the Released Parties and their respective counsel may refer to this Judgment and the Settlement Agreement to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

17. **Rule 11 Findings** – ~~The Court finds that, during the course of the Action, Plaintiffs, the Defendants, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to each other.~~

18. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (i) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (ii) the disposition of the Settlement Fund; (iii) any application for an award of attorneys' fees, litigation expenses, and/or service awards by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; and (iv) the Settlement Class Members for all matters relating to the Action.

19. **Separate Order** – A separate order shall be entered regarding the application of Co-Lead Counsel for an award of attorneys' fees, litigation expenses, and service awards. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. **Modification of the Settlement Order** – Without further approval from the Court, Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the

Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

21.     **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Defendants, and the Parties shall revert to their respective positions in the Action as of April 15, 2024, as provided in the Settlement Agreement.

22.     **Approval of Distribution Plan** – The Court further finds and concludes that the Distribution Plan is, in all respects, fair and reasonable to the Settlement Class.

23.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 330.

SO ORDERED.

HON. GREGORY H. WOODS  
United States District Judge

DATED: January 17, 2025

10

# EXHIBIT A

# EXHIBIT A

1. **EMP srl Tecnologie Elettriche**